IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01520-KLM

JULIA CHUNG,

    Plaintiff,

v.

EL PASO SCHOOL DISTRICT #11,

    Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Grant Plaintiff's Jury Demand** [#10] (the "Motion"). Defendant filed a Response [#13], Plaintiff filed a Reply [#14], and the Court permitted Defendant to file a short Surreply [#16-1]. *See Minute Order* [#18].

Plaintiff initiated this case on May 30, 2014, with the filing of the Complaint [#1].[1] The Complaint did not contain a jury demand. Along with the Complaint, however, Plaintiff completed and submitted a Civil Cover Sheet [#1-1] on which she checked a box indicating that she was making a jury demand. On July 31, 2014, Defendant filed an Answer [#5].

_____

[1] Plaintiff proceeds in this matter as a pro se litigant. The Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, all pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Plaintiff did not timely file a separate document containing a jury demand. At the Scheduling Conference held on September 11, 2014, the parties and the Court discussed the issue of Plaintiff's untimely request for a jury, and the Court allowed Plaintiff to file a Motion [#10] for a jury trial.

Federal Rule of Civil Procedure 38(b) states: "On any issue triable by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand . . . no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." Here, the parties agree that Plaintiff did not comply with Rule 38(b). *Motion* [#10] at 1; *Response* [#13] at 3. Under Rule 38(d), "[a] party waives a jury trial unless its demand is properly served and filed."

However, Rule 39(b) states: "Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Absent "strong and compelling reasons to the contrary," the Court should exercise its discretion to grant motions for jury trial under Rule 39(b). *West Ridge Grp., L.L.C. v. First Trust Co. of Onaga*, No. 07-cv-01587-WYD-BNB, 2008 WL 5156437, at *2 (D. Colo. Dec. 9, 2008) (citing *Green Constr. Co. v. Kansas Power & Light Co.*, 1 F.3d 1005, 1011 (10th Cir. 1993); *Nissan Motor Corp. in USA v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992); *AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir. 1965)). However, a court acts within its discretion to deny a Rule 39(b) motion "when the failure to make a timely jury demand results from nothing more than the mere inadvertence of the moving party." *Dill v. City of Edmond*, 155 F.3d 1193, 1208 (10th Cir. 1998) (internal quotations and citations omitted).

Some courts use a five-factor test to determine whether an untimely jury demand

should be permitted under Rule 39(b): "(1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial." *West Ridge Grp., L.L.C.*, 2008 WL 5156437, at *4 (citing *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983); see *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990)).

With respect to the first factor, whether the case involves issues which are best tried to a jury, Plaintiff's employment discrimination claims under Title VII are claims that are often tried to a jury. *See, e.g.*, *Rodriguez v. Wet Ink, LLC*, No. 08-cv-00857-MSK-CBS, 2014 WL 287339, at *1 (D. Colo. Jan. 27, 2014). Moreover, in light of the shifting burden of proof in employment discrimination cases and the well-recognized principle of American jurisprudence that it is the "jury's exclusive province to assess the credibility of the witnesses and determine the weight to be given their testimony," trial to a jury may be best here. *See, e.g.*, *Zisumbo v. McCleodUSA Telecomms. Servs., Inc.*, 154 F. App'x 715, 723 (10th Cir. 2005). This factor weighs in favor of allowing the late jury demand.

With respect to the second factor, whether granting the motion would result in a disruption of the court's schedule or that of the adverse party, Defendant has identified no disruption to its schedule, and there is no disruption in the Court's schedule as the Court can simply convert the August bench trial setting to a jury trial setting. This factor weighs in favor of allowing the late jury demand.

With respect to the third factor, the degree of prejudice to the adverse party, Defendant has identified none other than the normal requirements of any jury trial. *See*

*Response* [#13] at 7.  The Court also notes that Plaintiff completed and submitted a Civil Cover Sheet [#1-1] on which she checked a box indicating that she was making a jury demand.  This document has been on the electronic docket since the inception of the case.  Thus, although Plaintiff did not follow the correct procedure for requesting a jury trial, Defendant should have been aware since entering an appearance in this matter that Plaintiff wanted a jury trial.  This factor weighs in favor of allowing the late jury demand.

With respect to the fourth factor, the length of the delay in having requested a jury trial, Plaintiff filed the Motion immediately after the Scheduling Conference, as directed by the undersigned at that hearing. *Courtroom Minutes* [#8].  The Scheduling Conference was held approximately one month after Plaintiff's deadline to serve a jury demand under the Federal Rules of Civil Procedure.  Thus, the delay in the request was minor.  This factor weighs in favor of allowing the late jury demand.

With respect to the fifth factor, the reason for the movant's tardiness in requesting a jury trial, Plaintiff acknowledges that her tardiness is based on a simple oversight. *Motion* [#10] at 1; *Response* [#13] at 7.  At least when parties are represented by counsel, mere inadvertence is not a sufficient reason for failing to timely request a jury trial. *Dill*, 155 F.3d at 1208.  However, the Tenth Circuit has repeatedly afforded leniency to pro se litigants who inadvertently violate procedural or substantive norms. *See, e.g.*, *Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010) (holding pro se litigant's inadvertent failure to attach exhibits to complaint insufficient to warrant denial of motion to amend and dismissal of complaint); *Johnson v. Johnson*, 466 F.3d 1213, 1216 (10th Cir. 2006) (allowing pro se plaintiff who had raised constitutional claim but inadvertently sued wrong parties leave to amend complaint to name appropriate parties).  This factor, therefore, does not weigh

either in favor of or against allowing the late jury demand.

Weighing the relevant factors in conjunction with Tenth Circuit guidance regarding the Court's discretion on this issue, the Court finds that Plaintiff's untimely request for a jury trial should be permitted.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#10] is **GRANTED**.

IT IS FURTHER **ORDERED** that the five-day Bench Trial set for August 10-14, 2015 is **VACATED**.

IT IS FURTHER **ORDERED** that a five-day Jury Trial is **SET** for **August 10-14, 2015** at **9:00 a.m.**


Dated:  January 13, 2015


BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge