IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01520-KLM

JULIA CHUNG,

    Plaintiff,

v.

EL PASO SCHOOL DISTRICT #11,

    Defendant.

_____

# ORDER
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on Defendant's **Motion for Clarification Regarding Limited Legal Representation** [#20][1] (the "Motion"). Plaintiff, who proceeds as a pro se litigant,[2] filed a Response [#24], and Defendant filed a Reply [#26]. Defendant seeks an order regarding the extent to which Attorney Jim Abrams ("Mr. Abrams") may be permitted to provide aid to Plaintiff in this Title VII lawsuit. *See Compl.* [#1].

---

[1] "[#20]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Court must construe the filings of pro se litigants liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Case 1:14-cv-01520-KLM   Document 47   Filed 01/15/15   USDC Colorado   Page 2 of 8

Defendant has provided evidence in support of the following.[3]  *See Motion* [#20] at 2-5.  In mid-August 2014, Mr. Abrams contacted Defendant's counsel Susan Campbell ("Ms. Campbell") by telephone to tell her that he was representing Plaintiff in some but not all aspects of this matter.  Mr. Abrams said that he would not enter a formal appearance with the Court unless the matter went to trial.  On August 18, 2014, Mr. Abrams sent to Ms. Campbell e-mails which attached Plaintiff's draft Rule 26(a) disclosures, Plaintiff's draft discovery, and Plaintiff's portion of the proposed scheduling order.  Mr. Abrams indicated in those e-mails that Ms. Campbell could communicate with Plaintiff directly.  On at least two occasions, Plaintiff requested that Ms. Campbell arrange a time for a call preferably when both Mr. Abrams and Plaintiff were available.  On a third occasion, Plaintiff requested by email that Ms. Campbell "arrange a time to connect with [Mr. Abrams]."  On a fourth occasion, Plaintiff asked Ms. Campbell to check with Mr. Abrams directly to determine his availability for a call, but Ms. Campbell responded that this was Plaintiff's responsibility.

On August 21, 2014, Defendant's counsel Deborah Menkins ("Menkins") participated in a telephone conference with Ms. Campbell, Plaintiff, and Mr. Abrams.  They addressed the topics specified in Federal Rule of Civil Procedure 26(f) and discussed the preparation of a proposed scheduling order.  Mr. Abrams actively participated in the telephone conference.  He stated that he was representing Plaintiff on a limited basis and had not entered an appearance in this action because of Plaintiff's desire to reduce attorneys' fees

---

[3] Plaintiff does not agree with all of the evidence and assertions made by Defendant. *Response* [#24].  However, the substance of the Court's Order as outlined below is not contingent on the specific actions that Mr. Abrams may have taken in connection with this matter and would not be altered by Plaintiff's version of Mr. Abrams' actions.  The parties agree on the majority of Mr. Abrams' actions, though not the legal import of these actions.

and costs associated in prosecuting this action. Mr. Abrams requested that Ms. Campbell provide him with a draft of the proposed scheduling order prior to his leaving on vacation.

On September 11, 2014, Ms. Campbell, Ms. Menkins, and Plaintiff participated in the Scheduling Conference with this Court. Mr. Abrams accompanied Plaintiff to the courtroom and was present during the Scheduling Conference but did not sit with Plaintiff at the table reserved for parties and attorneys. When asked by the Court's Courtroom Deputy to identify himself for the record, Mr. Abrams stated that he was only an "observer" and did not give his name or describe his relationship to Plaintiff. Before leaving the courtroom after the Scheduling Conference, Ms. Campbell reminded Mr. Abrams of D.C.COLO.LAttyR 2, which prohibits attorneys from providing limited representation in actions before the District Court. Ms. Campbell asked Mr. Abrams whether he intended to enter an appearance with the Court then or in the near future. Mr. Abrams responded that he believed that D.C.COLO.LAttyR 2 was illegal because it prohibited a pro se plaintiff from obtaining legal advice. He also stated his belief that D.C.COLO.LAttyR 2 only prohibited ghost-writing by attorneys but did not otherwise prohibit them from representing a pro se party on a limited basis in matters pending before the Court. He also stated that the reason he was representing Plaintiff on a limited basis was because he was "too busy" to provide her with full representation.

On September 15, 2014, Plaintiff sent Defendant's counsel a draft version of a Motion to Permit Plaintiff to Obtain Legal Advice (the "Motion to Permit"). Therein, Plaintiff admitted that Mr. Abrams "proofread [the proposed scheduling order and Rule 26(f) disclosures] for clarity and syntax" but denied that those documents were drafted by Mr. Abrams. Plaintiff did not file the Motion to Permit with the Court.

Case law regarding the relevant parameters of D.C.COLO.LAttyR 2 and its predecessor, D.C.COLO.LCivR 83.4, is sparse and mostly involves the issue of ghost-writing.  For example, in *Crist v. Mesa Developmental Servs.*, No. 09-cv-00761-PAB-BNB, 2010 WL 3842610, at *1 (D. Colo. July 29, 2010), the pro se plaintiff filed a response to the defendant's motion for summary judgment.  The document stated that it was "prepared" by Julia Gruner, an attorney, who stated therein that the "[p]reparer of the document does not represent either party."  *Id.*  In reference to this statement, Judge Boland wrote:

> "The unbundling of legal services has been expressly disapproved by this Court.  *See* D.C.COLO.LCivR 83.4.  This means that attorneys must appear in actions where they draft the pleadings.  They may be disciplined if they do not.  The party relying upon the ghost-written pleading may also be subject to sanctions under Fed. R. Civ. P. 11." *Jachnik v. Wal–Mart Stores, Inc.*, No. 07-cv-00263-MSK-BNB, 2007 WL 1216523, at *1 n.2 (D. Colo. Apr. 24, 2007).  I caution Ms. Gruner and the plaintiff that any future limited representation by counsel, as evidenced in this case, may be grounds for sanctions against both the party and the attorney.

*Id.*  In *Jacknik v. Wal–Mart Stores, Inc.*, the case cited by *Crist*, Judge Krieger stated:

> Although the Complaint states that the Plaintiffs are *pro se*, it appears to have been ghost-written by an attorney.  The Court received a nearly identical complaint in Civil Action No. 07-cv-00264-MSK, filed by different plaintiffs.  The unbundling of legal services has been expressly disapproved by this Court.  *See* D.C.COLO.LCivR 83.4.  This means that attorneys must appear in actions where they draft the pleadings.  They may disciplined if they do not.  The party relying upon the ghost-written pleading may also be subject to sanctions under Fed. R. Civ. P. 11.

2007 WL 1216523, at *1 n.2.  *See also Duran v. Carris*, 238 F.3d 1268, 1272 (10th Cir. 2001) (holding that it is a misrepresentation to the court when a pro se litigant's brief is ghost-written by an attorney).

The Attorney Rules for the United States District Court for the District of Colorado adopt much of the Colorado Rules of Professional Conduct as their own standards of

professional responsibility.  *See* D.C.COLO.LAttyR 2(a).  However, D.C.COLO.LAttyR 2(b)(1) expressly states that Colorado Rule of Professional Conduct ("Colo.RPC") 1.2(c) is <u>excluded</u> from the standards of professional responsibility for the District of Colorado. Colo.RPC 1.2(c) states: "A lawyer may limit the scope or objectives, or both, of the representation if the limitation is reasonable under the circumstances and the client gives informed consent.  A lawyer may provide limited representation to pro se parties as permitted by C.R.C.P. 11(b) and C.R.C.P. 311(b)." Colorado Rule of Civil Procedure 11(b) states:[4]

> Limited Representation.  An attorney may undertake to provide limited representation in accordance with Colo.RPC 1.2 to a pro se party involved in a court proceeding.  Pleadings or papers filed by the pro se party that were prepared with the drafting assistance of the attorney shall include the attorney's name, address, telephone number and registration number.  The attorney shall advise the pro se party that such pleading or other paper must contain this statement.  In helping to draft the pleading or paper filed by the pro se party, the attorney certifies that, to the best of the attorney's knowledge, information and belief, this pleading or paper is (1) well-grounded in fact based upon a reasonable inquiry of the pro se party by the attorney, (2) is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and (3) is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.  The attorney in providing such drafting assistance may rely on the pro se party's representation of facts, unless the attorney has reason to believe that such representations are false or materially insufficient, in which instance the attorney shall make an independent reasonable inquiry into the facts.  Assistance by an attorney to a pro se party in filling out pre-printed and electronically published forms that are issued through the judicial branch for use in court are not subject to the certification and attorney name disclosure requirements of this Rule 11(b).
>
> Limited representation of a pro se party under this Rule 11(b) shall not constitute an entry of appearance by the attorney for purposes of C.R.C.P. 121, section 1-1 or C.R.C.P. 5(b), and does not authorize or require the

---

[4] Colorado Rule of Civil Procedure 311(b) is materially similar and applies to Colorado County Courts.

> service of papers upon the attorney. Representation of the pro se party by the attorney at any proceeding before a judge, magistrate, or other judicial officer on behalf of the pro se party constitutes an entry of an appearance pursuant to C.R.C.P. 121, section 1-1. The attorney's violation of this Rule 11(b) may subject the attorney to the sanctions provided in C.R.C.P. 11(a).

There is virtually no Colorado case law interpreting Colo.RPC 1.2(c) under circumstances relevant to the Motion.

Despite Defendant's assertion and submission of circumstantial evidence that Mr. Abrams drafted Plaintiff's portion of the proposed scheduling order, her initial discovery requests, and her Rule 26(a) disclosures, the Court cannot find that Mr. Abrams actually wrote these documents, especially in light of Mr. Abrams' affidavit to the contrary. [#25] at 2. Beyond that, it is unclear to what extent Mr. Abrams may have *assisted* Plaintiff in drafting her pleadings, as opposed to drafting the pleadings himself. The evidence presented is beyond dispute, however, that Mr. Abrams was involved in direct communications with opposing counsel on behalf of Plaintiff.

The absence of relevant case law as to the precise contours of D.C.COLO.LAttyR 2 and its predecessor D.C.COLO.LCivR 83.4 means that there is no bright-line rule with respect to where "limited representation" begins and ends. The Court acknowledges this grey area and the confusion it may have created for the parties and Mr. Abram. However, it is explicitly clear that ghost-writing documents by an attorney for a pro se litigant is prohibited. See *Crist*, 2010 WL 3842610, at *1; *Jachnik*, 2007 WL 1216523, at *1 n.2. Further, based on the District Court's rejection of Colo.RPC 1.2(c), it is implicitly clear that an attorney's assistance in drafting documents for a pro se litigant is also prohibited. Beyond that, despite an absence of case law, the spirit of D.C.COLO.LAttyR 2, including its rejection of Colo.RPC 1.2(c), cannot be interpreted to allow an attorney to speak with

opposing counsel with or on behalf of a pro se litigant. As Defendant states, the circumstances of Mr. Abrams' involvement have "place[d] undersigned counsel in the difficult position of determining how to comply with their ethical responsibilities relating to communications with opposing parties." *Motion* [#20] at 11. Such confusion does not meet the intentions or objectives of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1 ("[The Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

To that end, Plaintiff and Mr. Abrams are warned that any future limited representation by Mr. Abrams may be grounds for sanctions against both the party and the attorney. The Court emphasizes that Plaintiff is <u>not</u> precluded from speaking with and obtaining advice from Mr. Abrams, that Mr. Abrams is <u>not</u> prohibited from attending and observing hearings in this matter as a member of the public, and that Mr. Abrams is <u>not</u> precluded from assisting Plaintiff with so-called "clerical" tasks such as locating forms and sample documents. However, absent a formal appearance in this matter on Plaintiff's behalf, Mr. Abrams may <u>not</u> draft any documents for submission to the Court or opposing counsel (i.e., no ghost-writing), Mr. Abrams may <u>not</u> provide drafting assistance to Plaintiff in connection with this matter, and Mr. Abrams may <u>not</u> directly communicate with opposing counsel about this matter on Plaintiff's behalf, regardless of whether Plaintiff is also included in the communication. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#20] is **GRANTED in part and DENIED in part**. The Motion is **granted** to the extent Mr. Abrams' permissible involvement is outlined above. The Motion is **denied** to the extent that Defendant seeks sanctions against

Plaintiff and Mr. Abrams, due to the relative dearth of case law in this district regarding the pertinent parameters of D.C.COLO.LAttyR 2.  However, the Court will impose sanctions against Plaintiff and Mr. Abrams for failure to comply with this Order in the future.

Dated:  January 15, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge