IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01520-KLM

JULIA CHUNG,

      Plaintiff,

v.

EL PASO SCHOOL DISTRICT #11,

      Defendant.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's opposed **Motion for Protective Order Regarding Discovery Dispute** [#45] (the "Motion").  Plaintiff makes four requests in connection with the Motion.

First, Plaintiff requests that all depositions taken in this matter occur at a United States District Courthouse in Denver.[1] *Motion* [#45] at 2.  Plaintiff asserts that she "has had some very oppressive and unethical experiences with the defendant's counsel and wished to have the depositions in a neutral and protected location." *Id.*  She further states that "Plaintiff requests to have all depositions at the Denver Court House so that a dispute may be heard and decided immediately by a judicial officer or master.  Because of prior abusive experience and the anticipation of abusive, unprofessional, unethical conduct from the defense counsel, having depositions at the office of the defense counsel will definitely and adversely affect the outcomes of the discovery procedure." *Id.* at 3.  However, Plaintiff provides nothing beyond her conclusory, unsupported assertions to demonstrate any inappropriate behavior by opposing counsel, and, accordingly, she has not provided sufficient reason to have any or all depositions taken in her case at the United States District Courthouse.  *See* D.C.COLO.LCivR 30.3(c).  To the extent that disputes arise *during* the taking of a deposition in this matter, the parties may jointly call Chambers at **303-335-2770** to obtain a timely ruling on the dispute.  Accordingly, Plaintiff's first request is **denied**.

---

[1] Although Plaintiff uses the terminology "Denver Court House," the context indicates that she means the United States District Courthouse located in Denver.

Second, Plaintiff seeks to require Defendant to respond to her written discovery requests prior to the taking of any depositions in this matter. *Motion* [#45] at 2-3. It is indeed Plaintiff's choice regarding whether she wants to take depositions of witnesses before, during, or after document exchange. Likewise, it is Defendant's choice whether it wants to depose any witness, including Plaintiff, before, during, or after document exchange. Defendant's deposition of Plaintiff, for example, is about what Plaintiff knows, not about what Plaintiff learns from documents provided by Defendant. Accordingly, Plaintiff's second request is **denied**.

Third, Plaintiff requests to have her advisor Attorney Jim Abrams at the deposition, under condition that he will not speak or represent Plaintiff.[2] *Motion* [#45] at 3. If he is unavailable, she asks that a non-witness friend be permitted to accompany her in the deposition room. However, there is no provision in the Federal Rules of Civil Procedure allowing non-party/party-representative, non-attorney persons to attend a deposition absent good cause. Plaintiff has not provided good cause to allow extraneous persons of her choosing to attend depositions in this matter. Accordingly, Plaintiff's third request is **denied**.

Fourth, Plaintiff requests "[p]ermission to file a Motion to Compel because the Defendant has failed to answer Requests for Admission, Requests for Production and Interrogatories." *Motion* [#45] at 4. Plaintiff need not seek permission from the Court before filing a motion to compel. She may do so at any time. If Plaintiff chooses to file a motion to compel written discovery, she must attach to the motion a copy of her requests and a copy of Defendant's responses, if any, and she must clearly state why she believes Defendant should be compelled to provide each of the requested documents. Because Plaintiff already has the right to file a motion to compel in the absence of a Court order, Plaintiff's fourth request is **denied as moot**.

IT IS HEREBY **ORDERED** that the Motion [#45] is **DENIED in part and DENIED as moot in part**, as outlined above.

Dated: January 15, 2015

---

[2] It is unclear whether Plaintiff's request pertains only to her own deposition, or to all depositions taken in this matter.