IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01520-KLM

JULIA CHUNG,

    Plaintiff,

v.

EL PASO SCHOOL DISTRICT #11,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's opposed **Motion to Strike Plaintiff's Designation of Experts and for Attorney Fees Incurred in Connection With This Motion** [#50][1] (the "Motion to Strike") and on Plaintiff's opposed **Motion for Leave to Permit Filing of Sur-Reply to Defendant's Motion to Strike Designation of Experts** [#60] (the "Motion to File").  Plaintiff filed a Response [#58] in opposition to the Motion to Strike [#50], and Defendant filed a Reply [#59].

Regarding the Motion to File [#60], "[g]enerally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).  "Materials, for purposes of this framework, includes both new evidence and new legal arguments."  *Id.* (internal

---

[1] "[#50]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

quotation marks and citation omitted). "[However, i]f the [Court] does not rely on the new material in reaching its decision, [ ] it does not abuse its discretion by precluding a surreply." *Id.* (internal quotation marks and citation omitted). Here, Plaintiff's proposed Sur-Reply does not respond to any new material raised by Defendant in the Reply. Rather, it merely contests Defendant's characterization of certain facts. Accordingly, the Motion to File [#60] is **denied**.

The deadline for designation of expert witnesses was January 12, 2015. On that date, Plaintiff filed a Motion to Enlarge Time [#36] seeking a 60-day extension of this deadline. Plaintiff's only reason for requesting the extension was that "her advisor [Attorney Jim Abrams] has been out of the country," and so her "intended expert witnesses have not been able to contact him." *Motion to Enlarge Time* [#36] at 2.

On January 15, 2015, the Court denied Plaintiff's Motion to Enlarge Time, reminding her that, although she proceeds pro se, she is personally under a legal obligation to comply with the Federal Rules of Civil Procedure, the Local Rules in this District, and all orders of this Court. *Minute Order* [#46] (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)). The Court also noted that her sole reason for requesting the extension, i.e., the absence of her legal "advisor," was not good cause for Plaintiff's failure to meet Court-imposed scheduling deadlines in litigation that she instigated. *Minute Order* [#46].

Thereafter, on February 2, 2015, Plaintiff filed on the electronic docket her Designation of Experts [#49]. In response, Defendant filed the present Motion to Strike [#50], seeking an order striking Plaintiff's Designation of Experts [#49]. Defendant notes that Plaintiff's filing violates two Orders: (1) the Scheduling Order, which set the deadline for designation of expert witnesses as January 12, 2015, and (2) the Minute Order [#46]

which denied Plaintiff's Motion to Enlarge Time [#36].  *Motion to Strike* [#50] at 2. Defendant also notes that the Designation of Experts [#49] does not include the required reports or summaries of facts and opinions for any expert, and so should be stricken on those grounds as well.  *Id.* (citing Fed. R. Civ. P. 26(a)(2)(B), (C)).  Finally, Defendant seeks attorney fees incurred in connection with the present Motion to Strike. [#50] ("While Defendant understands and agrees that some latitude should be granted pro se plaintiffs, even a pro se plaintiff should not be free to violate two court orders.").

Plaintiff's Response [#58] reiterates her argument from the Motion to Enlarge Time [#36] regarding her legal advisor.  Plaintiff also states that she "has not been able to follow the timeline stated on the Scheduling Order of January 12th, 2015," and so she "is working toward a report being submitted at least 90 days before the date set by the Court for" the Final Pretrial Conference and Trial Preparation Conference set for July 27, 2015. *Response* [#58] at 2-3.

For all of the reasons stated by Defendant, the Court agrees that Plaintiff's Designation of Experts [#49] must be stricken.  First, the Designation of Experts was filed and served on Defendant three weeks after the deadline established in the Scheduling Order.  Second, Plaintiff had been on notice for approximately two-and-a-half weeks that her request for an extension of the deadline had been denied. The Court notes that Plaintiff did not seek reconsideration of that order but, rather, merely flouted its mandate and submitted the Designation of Experts to the Court and Defendant.  Third, a review of the Designation of Experts demonstrates that it fails to comply with the requirements of Fed. R. Civ. P. 26(a)(2).  For all of these reasons, the Court **strikes** Plaintiff's Designation of Experts [#49].  *See* Fed. R. Civ. P. 37(b), (c).

The Court **denies without prejudice** Defendant's request for attorney fees. Any request for attorney fees must comply with D.C.COLO.LCivR 54.3.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Strike [#50] is **GRANTED in part and DENIED without prejudice in part**. The Motion to Strike is **granted** to the extent that Plaintiff's Designation of Experts is **stricken**. The Motion to Strike is **denied without prejudice** with respect to Defendant's request for attorney fees.

IT IS FURTHER **ORDERED** that the Motion to File [#60] is **DENIED**.

Dated: February 26, 2015

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge