IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01520-KLM

JULIA CHUNG,

    Plaintiff,

v.

EL PASO SCHOOL DISTRICT #11,

    Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Strike Defendant's Supplemental Disclosures** [#72][1] (the "Motion"). Defendant filed a Response [#76] in opposition to the Motion, and Plaintiff filed a Reply [#78]. In the Motion, Plaintiff seeks to strike parts of Defendant's Supplemental Disclosures provided to Plaintiff on March 16, 2015, the last day of the discovery period in this lawsuit.

First, the Court addresses the scope of Plaintiff's Motion. Defendant appears to argue in the Response [#76] that Plaintiff is challenging all of the information included in the Supplemental Disclosures. This is incorrect. Plaintiff makes no argument for striking any of the newly-disclosed individuals except for Jennifer Phillips Simons ("Simons").[2] *See*

---

[1] "[#72]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] To the extent that Plaintiff expands her request to strike additional witnesses as part of her Reply [#78], the Court is not obligated to entertain arguments raised by a moving party for the

-1-

*Motion* [#72] at 2. Further, the only newly-disclosed documents addressed by Plaintiff are the documents contained at #17, #18, #19, and #20 of the Supplemental Disclosures. *See Motion* [#72] at 3-4. Thus, the scope of Plaintiff's Motion is limited to one witness and the documents at #17, #18, #19, and #20.

Second, the Court addresses the timing of Defendant's Supplemental Disclosures, which were provided to Plaintiff on the last day of the discovery period. Fed. R. Civ. P. 26(e)(1) requires that a party:

> who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court.

Technically, Defendant's disclosure was timely because discovery had not yet closed. *See Ortega v. City & Cnty. of Denver*, Nos. 11-cv-02394-WJM-CBS, 2013 WL 1751944, at *2 (D. Colo. Apr. 23, 2013) (holding that a third supplemental disclosure was timely when made on the discovery deadline); *Phillip M. Adams, LLC v. Winbond Elec. Corp.*, No. 1:05-CV-64 TS, 2010 WL 3258161, at *2 (D. Utah Aug. 17, 2010) (holding that a witness disclosed on the discovery deadline was timely). However, the disclosure of individuals who may have potential information about a case who are disclosed on the discovery deadline may violate the spirit, if not the letter, of Fed. R. Civ. P. 26(e). *See Ortega*, 2013 WL 1751944, at *2; *Phillip M. Adams, LLC*, 2010 WL 3258161, at *2. This is because, for example, the "disclosure of a 'new' witness made near the end of the day on the discovery

---

first time in a reply. *See United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002) (stating that "we [do not] consider arguments raised for the first time in a reply brief").

deadline 'effectively forecloses the opposing party from conducting discovery on the supplemental disclosures.'" *Johnson v. Sch. Dist. No. 1 in the Cnty. of Denver*, No. 12-cv-02950-MSK-MEH, 2014 WL 983521, at *3 (D. Colo. Mar. 13, 2014) (quoting *Manuel v. Wichita Hotel Partners, LLC*, No. 09-1244-WEB-KGG, 2010 WL 3861278, at *3 (D. Kan. Sept. 20, 2010)). Under these circumstances, courts still examine whether the disclosing party appeared to time its disclosures in a manner calculated to hinder the discovery process.³ *See Ortega*, 2013 WL 1751944, at *2; *Phillip M. Adams, LLC*, 2010 WL 3258161, at *2.

"A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Woodworkers Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir.1998)). Nevertheless, "the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply*, 170 F.3d at 993 (citing *Newman v. GHS Osteopathic Inc.*, 60 F.3d 153 (3d Cir. 1995)).

Regarding the first factor, Plaintiff knew about Ms. Simons before the discovery cut-off date. *Motion* [#2] at 2; *Response* [#76] at 6-7. However, Plaintiff did not receive Ms.

---

³ Although various courts have come to different conclusions regarding whether a supplemental disclosure on the last day of discovery is technically timely, they appear to universally agree that they must still address whether the timing of the disclosure was harmless to the opposing party and, if not, whether sanctions should be imposed. *Compare Johnson*, 2014 WL 983521, at *3, *and Manuel*, 2010 WL 3861278, at *3 *with Ortega*, 2013 WL 1751944, at *2 *and Phillip M. Adams, LLC*, 2010 WL 3258161, at *2.

Simons' affidavit until the discovery cut-off date and therefore did not know the substance of Ms. Simons' testimony until that date. *Reply* [#78] at 6-7. Hence, there is likely prejudice to Plaintiff by the late disclosure of this affidavit. *See, e.g.*, *Carrol v. Allstate Fire & Cas. Ins. Co.*, No. 12-cv-00007-WJM-KLM, 2014 WL 859238, at *6 (D. Colo. Mar. 4, 2014). However, this prejudice can be cured by permitting Plaintiff to take the deposition of Ms. Simons. *See Alexander v. Archuleta Cnty., Colo.*, No. 08-cv-00912-CMA-KLM, 2010 WL 363390, at *3 (D. Colo. Jan. 27, 2010) (citing *Woodworker's Supply*, 170 F.3d at 993)). Trial in this matter is set to begin on August 10, 2015. [#42]. Thus, there is time for Plaintiff to take a deposition of Ms. Simons, if she so chooses, well before that time. Finally, there is no evidence here that Defendant acted in bad faith. Accordingly, the Motion [#72] is **denied** to the extent Plaintiff seeks to strike Ms. Simons as a witness. However, Plaintiff may take the deposition of Ms. Simons, if Plaintiff so chooses. The deposition will be at Plaintiff's expense, will last no more than two hours, and must be completed by **May 31, 2015**.

Turning to the documents, a motion to strike documents is not the proper way to deal with allegedly irrelevant documents listed in the Supplemental Disclosures at #17, #18, #19, and #20. Rather, Plaintiff may file a motion in limine or object at trial to any allegedly irrelevant documents offered into evidence by Defendant.[4] Moreover, with respect to the worker's compensation records and deposition exhibits provided with Supplemental Disclosures #18 and #19, there is no indication that Plaintiff has suffered prejudice by the

---

[4] Plaintiff is correct that "[m]otions in limine are discouraged" and are preferably handled by flagging evidentiary issues in trial briefs. *Civil Trial Procedures Order* [343] at 2. However, under appropriate circumstances, motions in limine are not prohibited.

timing of their disclosure. *See Woodworker's Supply*, 170 F.3d at 993. Plaintiff either had these documents in her possession already or had access to them well before they were disclosed. *Response* [#76] at 8-9. Accordingly, the Motion [#72] is **denied** to the extent Plaintiff seeks to strike Defendant's Supplemental Disclosures #17, #18, #19, and #20.

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#72] is **DENIED**.

IT IS FURTHER **ORDERED** that Plaintiff may take Ms. Simons' deposition, if Plaintiff so chooses. The deposition will be taken at Plaintiff's expense, will last no more than two hours, and must be completed by **May 31, 2015**.

Dated: April 22, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge