IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01520-KLM

JULIA CHUNG,

      Plaintiff,

v.

EL PASO SCHOOL DISTRICT #11,

      Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiff's **Motion to Compel Delivery to [sic]**

**Discovery Requests and Sanction Against School District 11** [#70][1] (the "Motion") and

Supplement to the Motion to Compel Delivery of Discovery Requests and Sanction Against

School District 11 [#73] (the "Supplement").  Defendant filed a Response [#75] in opposition

to the Motion [#70].  In the Motion, Plaintiff, who proceeds in this action as a pro se litigant,[2]

seeks to compel production of a variety of documents and responses to a variety of

_____

    [1]  "[#70]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

    [2]  The Court must construe the filings of a pro se litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

interrogatories and requests for admission.  The Court addresses each in turn.[3]

## A.    Plaintiff's Request for Production of Documents No. 7

Plaintiff here requested:

> All information concerning the formation of the selection committee by the Director of the TCT Department, Ronda Schimpf, for the interviews planned in June and [that were] postponed to July due to the Waldo Canyon Fire (including names and positions of the original selection committee and names and positions of the actual panel who were present at the interviews for candidates who applied for the TCT Coordinator's position in July, 2012).

*Plaintiff's Requests for Production* [#73-1] at 2.  Defendant responded:

> Without waiving and subject to its general and specific objections, the District will produce for inspection at a reasonable place and time non-privileged documents in its possession, custody or control responsive to Request 7.

*Def.'s Responses to Pl.'s Interrogatory & Requests for Productions of Documents* [#73-7] at 11.

In the Motion, Plaintiff asserts that Defendant has failed to produce "documents, e-mails, names of members in the original selection panel, names of members on the actual panel who sat on the make-shift committee, phone records or e-mail records related to the cancellation, phone records or e-mail records related to invitation of individuals who were not available, phone record or e-mail record of those who said they would be available, date and phone record or e-mail record with which the principal Sherry [K]albach was contacted to sit on the committee, [and] date and phone record/e-mail record which Sherry [K]albach used to respon[d] to the invitation."  *Motion* [#70] at 2.

In response to the request, Defendant has produced (1) the interview file relating to

---

[3]  To the extent either of the parties state that a particular current or former employee's name is subject to a protective order in this case, the Court uses the initials of that person instead of his or her entire name.

the interviews for the TCT Coordinator position, which included the interview questions and handwritten notes of the interview committee members, (2) the Recommendation for Employment for the TCT Coordinator position, completed after the interviews, which listed the interview committee members, (3) emails from and to Ronda Schimpf, the District administrator who coordinated the interviews, related to her invitation to employees to serve on the original interview committee and scheduling the interviews for June 27 and 28, 2012, and (4) emails relating to questions Plaintiff asked about the interviews before they occurred. *Response* [#75] at 3.

Defendant asserts that it has searched for additional responsive e-mails and documents but none exist. *Response* [#75] at 3. "The Court cannot compel Defendant to produce a document that does not exist." *Bethel v. U.S. ex rel Veterans Admin. Med. Ctr.*, No. 05-cv-01336-PSF-KLM, 2008 WL 45382, at *4 (D. Colo. Jan. 2, 2008). Plaintiff has produced no evidence that additional e-mails and documents exist and are merely being withheld by Defendant.

Further, to the extent that Plaintiff seeks telephone records and voice recordings, it is unclear how this information is relevant to whether Plaintiff was denied the TCT Coordinator position due to her race or national origin. *See Response* [#75] at 3-4. Pursuant to Fed. R. Civ. P. 26(b)(1), any discovery sought must be relevant. Relevancy is broadly construed, and a request for discovery should be considered if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *See, e.g.*, *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not

come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004) (citations omitted); *see also Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting discovery based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, or burdensome"). Further, the objecting party cannot "sustain this burden with boilerplate claims that the requested discovery is oppressive, burdensome or harassing." *Id.* (citation omitted). However, when a request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. *See Paradigm Alliance, Inc. v. Celeritas Tech., LLC*, No. 07-1121-MLB, 2008 WL 678700, at *2 (D. Kan. Mar. 7, 2008) (citation omitted). Plaintiff has failed to meet this burden in this instance.

Accordingly, the Motion is **denied** with respect to Request for Production No. 7.

## B.    Plaintiff's Requests for Production Nos. 16 & 17

Plaintiff here requested in No. 16:

All information including[/]concerning the selection panel (names, ethnicity, positions) for the Multi-lingual Facilitator's position including information on all candidates who were interviewed in August of 2013, notes taken during the interviews by all members, information collected during the discussions, and how the decision was made [and] by whom it was made. Including the protocols for calling or contacting candidates, hiring and reposting the job opening.

*Plaintiff's Requests for Production* [#73-1] at 3.  Defendant responded to No. 16:

-4-

Defendant objects to the form and scope of the first portion of Request 16, more specifically, the portion that requests "all information" concerning the selection panel for the Multi-lingual Facilitator's position and information on all candidates interviewed in August of 2013, on the grounds that this is not compliant with Rule 34, and does not set forth with "reasonable particularity" the items requested, and is overbroad and unduly burdensome as to the information concerning the interview panel members and the candidates interviewed.  The District objects to providing all information in its files concerning the interview panel members and candidates, in that this is a very large body of information and virtually all of such information in its files, including the personnel records and records concerning their professional and employment activities, has no reasonable connection to the issues in this case.  Plaintiff's request for this information is unduly burdensome and unreasonably intrusive and is a violation of the privacy of these individuals. This portion of the Request seeks information that is not reasonably calculated to lead to the discovery of relevant, admissible evidence.  With respect to the remainder of the Request, the Defendant, without waiving and subject to its general and specific objections as noted above, in good faith, will produce for inspection at a reasonable place and time copies of documents in its possession, custody or control for inspection and copying responsive to Request 16.

Because such documents will include personnel and personal information concerning the candidates interviewed, Defendant's production of these documents is conditioned upon Plaintiff entering into a confidentiality agreement and protective order also agreed to by Defendant covering all such personnel documents relating to employees other than Plaintiff in accord with the parties' agreement in the Scheduling Order.

*Def.'s Responses to Pl.'s Interrogatory & Requests for Productions of Documents* [#73-7]

at 19-20.

Plaintiff requested in No. 17:

All information concerning the subsequent selection panel from September to November of 2013 (names, positions, ethnicity) for the Multi-lingual Facilitator's position which selected the final candidate for the position, including all information the selection panel received for consideration of all candidates who they interviewed (notes taken during interview, discussions, rating of each candidate, scoring criteria instructions given to them, how the decision was finalized and by whom, etc.).

*Plaintiff's Requests for Production* [#73-1] at 2.  Defendant responded to No. 17:

Defendant objects to the form and scope of the first portion of Request 17, more specifically, the portion that requests "all information" concerning the selection panel from September to November 2013 (names, positions, ethnicity) for the Multi-lingual Facilitator's position which selected the final candidate, in that it is not compliant with Rule 34, and does not set forth with "reasonable particularity" the items requested, and is overbroad and unduly burdensome as to the information concerning the interview panel members. The District objects to providing all information in its files concerning the interview panel members, in that this is a very large body of information and virtually all of such information in its files, including the personnel records and records concerning their professional and employment activities, has no reasonable connection to the issues in this case. Plaintiff's request for this information is unduly burdensome and unreasonably intrusive and is a violation of the privacy of these individuals. This portion of the Request seeks information that is not reasonably calculated to lead to the discovery of relevant, admissible evidence. With respect to the second portion of the Request, which requests "all information the selection panel received for consideration of all candidates who they interviewed" the Defendant, without waiving and subject to its general and specific objections as noted above, in good faith, will produce for inspection at a reasonable place and time copies of documents in its possession, custody or control for inspection and copying responsive to Request 17.

Because such documents will include personnel and personal information concerning the candidates interviewed, Defendant's production of these documents is conditioned upon Plaintiff entering into a confidentiality agreement and protective order also agreed to by Defendant covering all such personnel documents relating to employees other than Plaintiff in accord with the parties' agreement in the Scheduling Order.

*Def.'s Responses to Pl.'s Interrogatory & Requests for Productions of Documents* [#73-7] at 20-21.

In the Motion, Plaintiff asserts that Defendant has failed to produce "electronic or non-electronic documents used in the interviews, . . . reports of the student data (without names attached) of the ELL students used in the interview questions, . . . the writing samples [each] candidate produced during the 2-hour interviews, . . . notes of the discussion after the interviews by all members of the committee, . . . notes and . . . any information about who made the decision and how it was made, . . . information on the

subsequent interviews or the selection panel(s), . . . documents on how the interview questions were changed, and how the requirement of a Principal license was changed for the same open position." *Motion* [#70] at 3-4.

In response to these requests, Defendant produced "the handwritten notes taken by members of the interview committee during the interviews, and the interview questions, plus the application materials submitted by candidates, for each of the three sets of interviews which occurred on August 9, September 19, and November 4, 2013 . . . , the three original and revised job postings for the Multilingual Facilitator position . . . , notes concerning the reposting that occurred at the end of August 2013 . . . , notes and an email concerning the original posting . . . , notes concerning the hiring process and posting from September, 2013 . . . , the Recommendation for Employment dated November 25, 2013, which included the rationale describing how the decision was made to select the successful candidate at the end of the three sets of interviews, and the names of the members of the interview committee that made the hiring decision, the documents concerning the Multi-Lingual Facilitator position that were provided to the EEOC in response to Plaintiff's 2014 Charge filed with the EEOC . . . , and the writing sample submitted by the successful applicant." *Response* [#75] at 4-5.

Defendant asserts that it cannot produce the writing samples from the unsuccessful candidates or the tally of interview scores made on a large post-it note after the interviews because those documents were not retained after the interview process. *Response* [#75] at 5. As noted previously, "[t]he Court cannot compel Defendant to produce a document that does not exist." *Bethel*, 2008 WL 45382, at *4. Defendant also asserts, with one exception discussed below, that all other responsive documents have already been

produced. *Response* [#75] at 5-6. Plaintiff has provided no evidence that other documents exist and are merely being withheld by Defendant.

Defendant also asserts that Plaintiff seeks "student/data reports provided to candidates for purposes of drafting writing samples." *Response* [#75] at 5. However, Plaintiff's request here appears to encompass a different set of documents, i.e., "reports of the student data (without names attached) of the ELL students used in the interview questions . . . ." *Motion* [#70] at 3. Defendants makes no argument about these "reports of student data." To the extent that such reports exist, Defendant must therefore produce them. If no such reports exist, Defendant must so specify in writing.

Accordingly, the Motion is **denied** with respect to Request for Production Nos. 16 and 17 **except** to the extent Plaintiff seeks "reports of the student data (without names attached) of the ELL students used in the interview questions . . . ." *Motion* [#70] at 3. All such reports shall be promptly produced.

## C.   Plaintiff's Interrogatory No. 11 and Request for Production No. 22

Plaintiff's Interrogatory No. 11[4] asks:

How has the School District 11 evaluated Principal Sherry Kalbach on the Effective Principal Performance Rubric, issues related to this case, which requires principals in Colorado to observe district policies, negotiated contracts, state and federal laws, school board policies, and to collaborate with all stake holders, place personnel in positions to ensure all students have access to highly effective teachers? (answer separately for the school years 2012-2013, 2013-2014).

*Pl.'s Interrogatories # 1-13* [#73-3] at 4. Defendant responded:

The District objects to providing personnel information concerning Sherry

_____

[4] This interrogatory is listed as "12." in the original request but is otherwise referred to by the parties in the briefs and response as "No. 11."

Kalbach, another District employee, without the entry by the Court of a protective order as to such personnel information as agreed by the parties in the Scheduling Order. The District has provided a proposed protective order to Plaintiff that would apply to this information, and understands that a motion is pending concerning the protective order issue.

*Def.'s Responses to Pl.'s Second Set of Interrogatories* [#73-8] at 12.

Plaintiff's Request for Production No. 22 seeks:

All information concerning Principal Sherry Kalbach's state and federal income tax returns, including all schedules and attachments, from tax year 2000 to 2014. This should indicate the Defendant's entire employment history in School District 11. (This must be supplemented as new tax forms are prepared.)

*Def.'s Responses to Pl.'s Interrogatory & Requests for Production of Documents* [#73-7] at 24. Defendant responded:

Defendant objects to Request 22 on grounds that the Request is not reasonably calculated to lead to the discovery of relevant, admissible evidence, in that Sherry Kalbach's income, deductions and income tax paid, and other information disclosed on her income tax returns, are not at issue in this case or relevant in any way to this lawsuit, and in that the Request is unreasonably intrusive and violates Sherry Kalbach's right to privacy. Ms. Kalbach is not a party to this case, and the Request is intended to be burdensome and harassing and has no connection to the issues in the case.

*Id.*

With respect to Request for Production No. 22, Plaintiff purports to seek Principal Sherry Kalbach's HR file. *Motion* [#70] at 4. However, on its face Request for Production #22 seeks only Ms. Kalbach's tax returns. Regardless, Defendant has produced Ms. Kalbach's human resources records that reflect training undergone by her in the years 2000-2014, but it has refused to produce the remainder of her file, which includes such information as income, compensation, benefits, and performance evaluations and references. *Response* [#75] at 7. Plaintiff asserts that this "evidence will indicate whether

-9-

the principal was evaluated accurately based on her misconduct," or whether Defendant

"systemically tolerated such misconduct and covered up her discriminatory acts." *Motion*

[#70] at 5.

As the Court has previously informed Plaintiff, her lawsuit is about whether

Defendant illegally discriminated against her based on her race or national origin, not about

how much money the principal makes and the amount she pays in state and federal taxes.

Although federal law does not provide absolute protection from disclosure for personnel

records, applicable precedent directs the Court to weigh the need for privacy against the

need for disclosure in circumstances like these. *Rivera v. UNUM Life Ins. Co.*, No. 11-cv-

02585-WYD-KLM, 2012 WL 2709138 at *4 (D. Colo. July 9, 2012).

> [P]ersonnel files often contain sensitive personal information . . . and it is not
> unreasonable to be cautious about ordering their entire contents disclosed
> willy-nilly. Indeed, the Supreme Court has underscored that "the requirement
> of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be
> firmly applied, and the district courts should not neglect their power to restrict
> discovery [to protect] 'a party or person from annoyance, embarrassment, [or]
> oppression . . . .'"

*Regan–Touhy v. Walgreen Co.*, 526 F.3d 641, 648-49 (10th Cir. 2008) (citations omitted).

Likewise, tax records of non-parties are generally protected from disclosure. *See, e.g.*,

*Darwish v. Family Dollar Stores, Inc.*, No. 09-cv-02764-MSK-MEH, 2010 WL 2086107, at

*2 (D. Colo. May 20, 2010). Here, there is no indication that any of the documents in Ms.

Kalbach's personnel file that have not already been produced or her tax records would be

relevant to Plaintiff's case. *See id.* Plaintiff's suggestion that production of Ms. Kalbach's

performance evaluations will show whether her alleged misconduct was tolerated

misunderstands the focus of the case. This case is about how the School District treated

Plaintiff, not how it evaluated the principal. Plaintiff is not entitled to go on a fishing

expedition by requiring the production of Ms. Kalbach's entire personnel file and tax records without articulating a sufficient reason for their production. *See id.*

Accordingly, the Motion is **denied** with respect to Request for Production No. 22.

The same rationale applies to Plaintiff's Interrogatory No. 11, which appears to be a disguised request for production. Plaintiff has not sufficiently articulated how the performance evaluations of Ms. Kalbach, or even narrative summaries thereof, are relevant to the issue of whether Ms. Kalbach discriminated against Plaintiff.

Accordingly, the Motion is **denied** with respect to Interrogatory No. 11.

**D.    Plaintiff's Request for Production No. 25 and Request for Admission No. 1**

Plaintiff's Request for Production No. 25 seeks:

All information pertaining to the Name M.S., including but not limited to his initial application for employment in D-11, transcripts, references, status of employment, contract renewal, evaluations, all events that led to his termination/resignation, all e-mail and communication related to his termination and dismissal, between M.S. and his supervisors/D-11 administration and all parties concerned, and all records in his building file at Coronado H.S. and HR file.

*Pl.'s Fifth Set of Interrogatory & Request for Production* [#73-6] at 1. Defendant responded:

Defendant objects on the ground that Plaintiff has exceeded the number of requests for production allowed by the Scheduling Order, and also objects on the grounds that this request is not calculated to lead to the discovery of admissible, relevant evidence. Notwithstanding these objections, Defendant will produce for inspection at a reasonable place and time documents relating to the referenced employee from the central office Human Resource file and building file (from Palmer High School), except for specific wage and benefit information, which is not relevant to this case. Defendant is not aware of a building file concerning this employee at Coronado High School.

*Def.'s Response to Pl.'s Fifth Set of Discovery Requests* [#73-12] at 3-4.

Plaintiff's Request for Admission No. 1 stated:

Admit that all assistant principals, principals and administrators in the D-11 central office are non-Chinese.

*Pl's Requests for Admission # 1-18* [#73-2] at 1.  Defendant responded:

The District has made a reasonable inquiry of its records concerning employee demographic data and the information it knows or can readily obtain is insufficient to enable it to admit or deny this Request.

*Def.'s Responses to Pl.'s First Set of Requests for Admission* [#73-9] at 3.

With respect to Request for Production No. 25, Plaintiff seeks the Building File of a former employee of Defendant, M.S. *Motion* [#70] at 5-6.  Defendant provided Plaintiff with M.S.'s Building File from Palmer High School and his central office Human Resources file. *Response* [#75] at 9.  Defendant asserts that M.S. never worked at Coronado High School, thus there is no file from that school which Defendant can produce.  Defendant also asserts that it does not make or keep records identifying its employees according to their specific national origin, and so cannot produce any documents to this effect.  As noted previously, "[t]he Court cannot compel Defendant to produce a document that does not exist." *Bethel*, 2008 WL 45382, at *4.  Further, Plaintiff's request for information regarding M.S.'s resignation does not seek documents but rather seeks a narrative explanation of why M.S. resigned.  Beyond M.S.'s resignation letter and other related documents from his employee file, Defendant is not required to offer a narrative explanation in response to a request for production of documents.

Accordingly, the Motion is **denied** with respect to Request for Production No. 25.

With respect to Request for Admission No. 1, Plaintiff states that Defendant "submitted <u>one</u> name to [the] EEOC although this person is no longer employed" by Defendant. *Motion* [#70] at 6.  Defendant responds that, as part of its collection of

employee demographic data, it provides employees with the voluntary opportunity to indicate whether the employee is Asian.  *Response* [#75] at 11.  However, there is no collection of information more specific than that, and so Defendant cannot answer Plaintiff's question regarding whether any of its employees are of Chinese national origin.  Again, as the Court cannot order Defendant to produce information that does not exist, it cannot grant Plaintiff's request.

Accordingly, the Motion is **denied** with respect to Request for Admission No. 1.

**E.    Plaintiff's Request for Admission No. 2**

Plaintiff's Request for Admission No. 2 states:

Admit that Sabin Middle School did not have a need to lay off teaching staff for the school year 2013-2014.

*Pl's Requests for Admission # 1-18* [#73-2] at 1.  Defendant responded: "Denied."  *Def.'s Responses to Pl.'s First Set of Requests for Admission.*

Plaintiff argues that Defendant "submitted information to [the] EEOC claiming that the principal Sherry Kalbach assigned Plaintiff to teach Drama in order to avoid having to lay off staff.  Contrary to the principal's information submitted to [the] EEOC, she hired seven teachers during the summer of 2013."  *Motion* [#70] at 6.  Defendant argues that Plaintiff disputes the basis for Defendant's response but has not articulated a basis for compelling Defendant to change its response.  *Response* [#75] at 12.  The Court agrees.  In the absence of instructions to include an explanation for any denial, a request for admission is not an appropriate discovery tool for seeking an extended narrative explanation.  To the extent that Plaintiff believes this response is inconsistent with other evidence in this matter, she may attempt to present evidence of the inconsistency on

summary judgment and/or at trial.

Accordingly, the Motion is **denied** with respect to the Request for Admission No. 2.

**F.     Plaintiff's Request for Admission No. 16**[5]

Plaintiff's Request for Admission No. 16 states:

> Admit that there has never been any Chinese Teacher on Special
> Assignment (TOSA) hired by D-11.  (For example but not limited to TCT
> coach, LRT, literacy coach, ELL coach, SPED coach, Math coach,
> coordinator, drop-out Preventionist, dean of Students, etc.).

*Pl's Requests for Admission # 1-18* [#73-2] at 4.  Defendant responded:

> The District has made a reasonable inquiry of its records concerning
> employee demographic data and the information it knows or can readily
> obtain is insufficient to enable it to admit or deny this Request.

*Def.'s Responses to Pl.'s First Set of Requests for Admission* [#73-9] at 11.

Plaintiff argues that this request shows that "Plaintiff was highly qualified for the

position of TCT coach but was not hired because she was Chinese."  *Motion* [#70] at 7.

Defendant responds that it does not keep employee demographic records of this nature.

*Response* [#75] at 12.  As explained above, the Court cannot force Defendant to provide

information it does not have.

Accordingly, the Motion is **denied** with respect to Request for Admission No. 16.

**G.     Plaintiff's Interrogatory No. 21**

Plaintiff's Interrogatory No. 21 asks:

> What actions were taken when L.B., the orchestra teacher who had a
> disability, requested to be assigned to teach orchestra in the community
> room, Room 102? (Including but not limited to Principal Sherry Kalbach's
> response to her request, L.B.'s request to file a grievance with CSEA and

---

[5]   Although Plaintiff's Motion refers to Request for Admission No. 19, she is clearly actually
referring to Request for Admission No. 16.  *See Response* [#75] at 12.

Human Resources, meeting with Tim Cross and Ken Potman, the final decision and actions made by D-11, and L.B.'s request to be transferred out of Sabin Middle School, submit documentation of this meeting and solution.).

*Pl.'s Fourth Set of Discovery Requests: Requests for Production # 4, # 5, # 6, # 24,*

*Interrogatory #21* [#73-5] at 2-3.  Defendant responded:

Defendant objects to this interrogatory on the grounds that it seeks information regarding issues of disability discrimination and accommodation and is therefore not reasonably calculated to lead to the discovery of admissible evidence in this case alleging race and national origin discrimination and retaliation.  Defendant further objects on the grounds that personnel information concerning Ms. B is private and confidential, as provided in the case *Corbetta v. Albertson's, Inc.*, 975 P.2d 718, 720-21 (Colo. 1999), and disclosure would be intrusive and violate Ms. B's privacy. The requested information is in no way relevant to the facts of this race and national origin discrimination case, and there is no legitimate basis justifying the intrusion on Ms. B's privacy interests, and Defendant therefore objects to providing the requested information.  Defendant also objects to Plaintiff's attempt to request documents through this interrogatory on the grounds that interrogatories may not be used to request production of documents and, in any event, Plaintiff has exceeded the number of requests for production allowed by the Scheduling Order.

*Def.'s Response to Pl.'s Fourth Set of Discovery Requests* [#73-11] at 7.

Plaintiff asserts that Defendant must answer this question because "Room 102 was assigned to Plaintiff to teach reading but was denied to [Ms. B], who had a disability, when she requested to teach in the room.  The room was then taken away from Plaintiff and was assigned to a half-time orchestra teacher.  This discriminatory and manipulative conduct of the Principal is at issue."  *Motion* [#70] at 7.  Defendant objects on the basis of relevance, stating that "[t]he fact that a disabled teacher may have been denied a chance to teach in the room where Plaintiff once taught has absolutely no connection to the issues in this case, which involves allegations of race and national origin discrimination and retaliation."  *Response* [#75] at 13-14.  As previously stated, this matter is not about the

general "bad acts" that may or may not have been committed by Ms. Kalbach or other

employees of Defendants.  This case is about whether Defendant discriminated against

Plaintiff on the basis of her race or national origin in connection with Defendant's decision

not to hire Plaintiff into certain employment positions at the school.  Plaintiff has not

sufficiently articulated how the information requested in this interrogatory is relevant to

those issues.

Accordingly, the Motion is **denied** with respect to Interrogatory No. 21.

**H.     Plaintiff's Interrogatory No. 22**

Plaintiff's Interrogatory No. 22 asks:

Explain what happened to the Asian SPED teacher, Y.S., when B.S. was the
principal at Sabin Middle School in 2005?  Support the facts with documents
in her building file and HR file.

*Pl.'s Fifth Set of Interrogatory & Request for Production* [#73-6] at 2.  Defendant responded:

Defendant objects to this Interrogatory because it is vague and ambiguous,
and Defendant cannot determine what is requested.   As written, this
Interrogatory would required discussion of everything that happened to this
employee during the period that Mr. S. was principal at Sabin in 2005, which
would be overbroad and burdensome.  In addition this Interrogatory as
written is not calculated to lead to the discovery of admissible, relevant
evidence.

Defendant objects to Plaintiff's attempt to request documents through this
interrogatory on the grounds that interrogatories may not be used to request
production of documents and, in any event, Plaintiff has exceeded the
number of requests for production allowed by the Scheduling Order.

*Def.'s Response to Pl.'s Fifth Set of Discovery Requests* [#73-12] at 4.

Plaintiff asserts that this information "will lead to information about how Chinese

teachers were treated under the supervision of Principal [B.S.].  Although Plaintiff filed the

discrimination complaint against Sherry Kalbach, [Defendant] expanded the trial to include

a former principal from the year 2004 and his fabrication about Plaintiff.  This information will reveal how Chinese teachers are treated at Sabin Middle School."  *Motion* [#70] at 8.

To the extent that Plaintiff seeks support from "documents in [Y.S.]'s building file and HR file," such a request is more appropriately made as a request for production.  Beyond that, however, Plaintiff's interrogatory is vague, ambiguous, and overbroad.  In addition, Plaintiff has not sufficiently articulated the relevance to her case of information regarding what happened to a different employee who reported to a different principal nearly ten years before the alleged actions in this lawsuit.

Accordingly, the Motion is **denied** with respect to Interrogatory No. 22.

## I.     Plaintiff's Request for Production No. 24

Plaintiff here seeks:

All electronic and non-electronic information pertaining to the name B.S. including but not limited to all documents in the Sabin building file, HR file, initial application, transcripts, letters of reference, all evaluations, remedial plans, meeting/e-mails, phone calls with Dr. Mary Thurman, communication with CSEA, communication with D-11 administration, letter of resignation, reprimands, memos, e-mails between Plaintiff and B.S., e-mails/letters/notes between B.S. and Administration, Marvin Adams, and CSEA, complaints from parents, students, staff, complaints related to use of school funds, complaints in municipal/state/federal court/EEOC/CORA/NAACP/CDE (2001-2006).

*Pl.'s Fourth Set of Discovery Requests: Requests for Production #4, #5, #6, #24, Interrogatory #21* [#73-5] at 1.  Defendant responded:

Defendant objects to Request No. 24 on the grounds that it is overbroad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of relevant, admissible evidence, in that it seeks all electronic and non-electronic documents pertaining to the name "B.S.," without any limitation on the subject matter or time period covered.  This includes a large body of personal, personnel and professional information about a non-party employee of the Defendant that is in no way relevant to and has no connection whatsoever to this case.  Defendant further objects

on the grounds that production of the requested documents would be unreasonably intrusive and involve violation of the employee's right to privacy, as recognized in the case *Corbetta v. Albertson's Inc.*, 975 P.2d 718, 720-21 (Colo. 1999).  In addition, to the extent this request seeks documents related to Mr. S.'s interactions with Plaintiff, including those related to her teaching assignment and complaint against him, it is duplicative of one or more of Plaintiff's previous requests for production, specifically Plaintiff's Request for Production No. 2, and Defendant has already responded to this request and produced documents it has been able to locate regarding those matters.

Without waiving and subject to its general and specific objections, in good faith, the Defendant states that the referenced employee's central office Human Resources file contains no documents reflecting or referencing complaints or disciplinary action related to race or national origin discrimination or retaliation.  To Defendant's knowledge, there is no building or administration file concerning Mr. S.

Finally, because Requests 17 and 19 include multiple subparts, District 11 notes that this request is actually Request 26 or Request 27, and also objects on the grounds that this request exceeds the limit of 25 requests for production provided by the Scheduling Order.

*Def.'s Response to Pl.'s Fourth Set of Discovery Requests* [#73-11] at 4.

In the Motion, Plaintiff seeks the entire Human Resources file of former principal B.S.  *Motion* [#70] at 8.  She argues that Defendant "has spent a good amount of time taking [the] deposition of Plaintiff regarding student records collected by the principal [B.S.] from the school year 2004. . . .  [Defendant] intentionally uses the student records fabricated by [B.S.] in the year 2004 to use as evidence against Plaintiff.  [B.S.] resigned from employment in 2015.  His record in the HR file (and any other files) will be important evidence for the trial because [Defendant] has expanded the trial from the year 2013 all the way back to 2004 involving another principal."  *Id.*  Defendant responds that it has already produced "documents that relate to Mr. S.'s interactions with Plaintiff concerning her teaching assignment, and concerning parent and student complaints against her, Plaintiff's

grievance against Mr. S., and his response to that grievance." *Response* [#75] at 16. Plaintiff does not articulate how any documents regarding B.S. which have not already been produced by Defendant would be relevant to her claims.  She does not assert that B.S. discriminated against her with respect to the job she sought with Defendant.  She does not articulate how B.S.'s private employment history information, references, application materials, performance evaluations, licensing information, or other information in his human resources file are relevant in this case.

Accordingly, the Motion is **denied** with respect to Request for Production No. 24.

**J.    Plaintiff's Request to Impose Sanctions**

Plaintiff neither asks for a specific sanction against Defendant nor provides a specific basis for such sanction, although her general reference to sanctions is presumably based on Defendant's alleged failure to fully respond to the written discovery requests discussed above.  Without more specificity, and based on the Court's holdings above, the Court can find no basis on which to impose sanctions.

Accordingly, the Motion is **denied** with respect to Plaintiffs' request to impose sanctions.

**K.    Conclusion**

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#70] is **DENIED in part and GRANTED in part**.  The Motion is **granted** to the extent that Defendant shall promptly produce any "reports of the student data (without names attached) of the ELL students used in the interview questions . . . ." *Motion* [#70] at 3.  Defendant shall produce these reports **on or**

**before May 7, 2015** or shall state in writing that no such reports exist.  The Motion is

**denied** as to all other relief sought.

Dated:  April 22, 2015                    BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge