IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01520-KLM

JULIA CHUNG,

　　Plaintiff,

v.

EL PASO SCHOOL DISTRICT #11,

　　Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Strike Plaintiff's Untimely Summary Judgment Filings and for Order Precluding Further Such Filings** [#85][1] (the "First Motion to Strike"), Plaintiff's Response [#89] and Defendant's Reply [#93]; on Defendant's **Motion to Strike Plaintiff's Corrected Counter-Affidavit** [#90] (the "Second Motion to Strike"), Plaintiff's Response [#94] and Defendant's Reply [#95]; and on Defendant's **Motion to Reconsider Order Dismissing Plaintiff's Retaliation Claims Without Prejudice** [#99] (the "Motion to Reconsider").

Regarding the Motion to Reconsider [#99], a motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well-established in the Tenth Circuit that

---

[1] "[#85]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

grounds for a motion to reconsider are limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

On June 29, 2015, the Court issued an Order to Show Cause [#96] regarding whether the Court had subject matter jurisdiction over Plaintiff's Title VII retaliation claim based on Plaintiff's failure to receive a right-to-sue letter on her second EEOC charge. The Court presented Plaintiff with three options: (1) attach to her response a copy of the notice of right to sue from the EEOC on Plaintiff's second charge; (2) voluntarily dismiss her retaliation claim without prejudice, in which case her current lawsuit would proceed on only the discrimination claim, or (3) state that she would prefer to administratively close the case until receipt of her EEOC notice of right to sue on her second charge. *Order to Show Cause* [#96] at 4-5. On July 2, 2015, Plaintiff responded by indicating that she would prefer to dismiss her retaliation claim without prejudice. *Response* [#97]. On July 6, 2015, Defendant filed the Motion to Reconsider [#99], indicating that the EEOC had not issued a right-to-sue letter at the time of the filing of Defendant's Motion for Summary Judgment [#79], but that the EEOC had subsequently done so. *See* [#88-4]. Notably, Plaintiff neglected to inform the Court in her initial Response [#82] that the EEOC had issued a notice of right to sue on her Second Charge. Plaintiff had fully responded to Defendant's motion seeking summary judgment on her retaliation claim before later electing to dismiss her retaliation claim without prejudice. Because of the fact that a notice of right to sue has

been issued on Plaintiff's Second Charge, Defendant therefore seeks an order reconsidering the dismissal of Plaintiff's Title VII retaliation claim. *Motion to Reconsider* [#99].

The Court agrees with Defendant that Plaintiff's Title VII retaliation claim should be reinstated. It is clear that the Court has jurisdiction over the claim now that the second right-to-sue letter has been issued by the EEOC. Further, discovery in this case included Plaintiff's retaliation claim. Discovery was closed and the motion for summary judgment was fully briefed prior to the issuance of the Order to Show Cause. Thus, reinstating the Title VII retaliation claim at this stage of the case will not prejudice Plaintiff or Defendant. Therefore, having reconsidered the Order to Show Cause [#98] and Plaintiff's Response [#97] to the Order to Show Cause, the Court **grants** Defendant's Motion to Reconsider [#99]. The Order [#98] dismissing Plaintiff's Title VII retaliation claim is **vacated**.

Regarding the Motions to Strike [#85, #90], Defendant seeks to strike Plaintiff's Affidavit of Julia Chung [#83] (the "Affidavit"), Plaintiff's Counter-Affidavit [sic] of Sherry Kalbach, Marsha West, Karey Urbanski, Carolyn Hunt and Jennifer Phillip [#84] (the "Counter-Affidavit"),[2] and Plaintiff's Corrected Counter-Affidavit [sic] of Sherry Kalbach, Marsha West, Karey Urbanski, Carolyn Hunt and Jennifer Phillip [#86] (the "Corrected Counter-Affidavit").[3] Plaintiff filed her Response [#82] to the Motion for Summary Judgment

---

[2] The Counter-Affidavit and Corrected Counter-Affidavit filed by Plaintiff are misnamed. Each is actually an affidavit written by Plaintiff which she has submitted to oppose/counter the statements made in sworn declarations by Sherry Kalbach, Marsha West, Karey Urbanski, Carolyn Hunt, and Jennifer Phillip. These latter declarations were submitted by Defendant in support of its Motion for Summary Judgment.

[3] Defendant's First Motion to Strike [#85] was filed on May 12, 2015, and includes a request for an order precluding Plaintiff from filing other untimely support for her Response to the Motion for Summary Judgment. Two days later, on May 14, 2015, Plaintiff filed conventionally submitted

[#79] on May 5, 2014, which included more than 650 pages of exhibits. Plaintiff's Response to the Motion for Summary Judgment [#79] was due, at the latest, on May 7, 2015. On May 9, 2015, Plaintiff filed the Affidavit and Counter-Affidavit. Five days after that, she filed the Corrected Counter-Affidavit.

Plaintiff did not file a motion seeking an extension of time in which to file otherwise untimely documents. The explanations she provides in the Responses [#89, #94] to the Motions to Strike are not convincing. For example, the May 7, 2015 email from the school district shows that Plaintiff was notified that her leave balance had been exceeded that day, but it does not prove that she was ill on that day. *See Ex. 1* [#89-1]. Her next exhibit demonstrates that she took sick leave on May 4, 2015 but again does not prove that she was ill on that day. *See Ex. 2* [#89-2]. Plaintiff alleges that her basement flooded on May 7, 2015 (two days after she filed her Response to the Motion for Summary Judgment), but while she demonstrates that she rented a piece of equipment (presumably to clean her basement) on May 9, 2015 at 6:38 p.m., this evidence does not verify her allegations that her basement flooded two days earlier. Moreover, Plaintiff simply fails to explain why she did not file a motion seeking more time to file her Affidavit and Counter-Affidavit. This omission is particularly puzzling because Plaintiff timely filed her Response to the Motion for Summary Judgment on May 5, 2015, and included approximately 650 pages of exhibits

---

material in the form of a compact disc of a voice mail left for her by Dr. Swift, informing Plaintiff on August 14, 2013 that the District had selected another candidate for one of the jobs to which Plaintiff had applied, and the Corrected Counter-Affidavit. *See* [#87]. Defendant's Second Motion to Strike [#90] was filed on May 22, 2015, in order to address the untimely filing of Plaintiff's Corrected Counter-Affidavit. Because Defendant did not also seek to strike the compact disc in the Second Motion to Strike, the Court does not construe Defendant's earlier request to apply to the compact disc, despite its untimely filing.

attached thereto.

In addition to being untimely, the Counter-Affidavit, Corrected Counter-Affidavit, and Affidavit are generally inappropriate. "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "Conclusory and self-serving affidavits are not sufficient." *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995). The Counter-Affidavit and Corrected Counter-Affidavit consist almost entirely of argument, not facts admissible into evidence. The nonmoving party's affidavit or evidence must be more than "mere re-argument of a party's case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright et al., Federal Practice and Procedure § 2738 at 356 (3d ed. 1998). Much, though not all, of the Affidavit is also inappropriate, because Plaintiff fails to demonstrate that many of the statements are made on personal knowledge. Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). For example, Plaintiff states in her Affidavit that Defendant "asserts that because I receive the same pay, therefore discrimination has not happened. This is far from the truth. I am harmed repeatedly. My career advancement has come to a halt. My future earning has suffered losses." [#83] at 2. However, Plaintiff has not directed the Court's attention to evidence supporting these conclusory statements. *Bones*, 366 F.3d at 875. Similarly, she states in her affidavit that "The Principal gave [a] negative reference to Dr. Swift." [#83] at 3. Plaintiff appears to merely believe that Principal Kalbach provided a negative reference when Plaintiff applied for the Disciplinary Coach position, but this

unsubstantiated belief is insufficient to withstand summary judgment without additional information as to the source of Plaintiff's personal knowledge regarding this assertion. *See Bones*, 366 F.3d at 875; *see also Aff. of Pl.* [#83] at 3 (conclusorily stating that Principal Kalbach "negatively influenced members on the committee not to hire [Plaintiff] for the job"). While the inclusion of improper statements in an affidavit may not necessitate striking the entire affidavit, the Court notes that generally the remaining statements in Plaintiff's affidavit are either supported elsewhere in the record or are immaterial to resolution of the Motion for Summary Judgment.

Based on the foregoing,

IT IS HEREBY **ORDERED** that Defendant's Motion to Reconsider [#99] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Order [#98] dismissing Plaintiff's Title VII retaliation claim is **VACATED**.

IT IS FURTHER **ORDERED** that the Order to Show Cause [#96] is **DISCHARGED**.

IT IS FURTHER **ORDERED** that the Motions to Strike [#85, #90] are **GRANTED**. The Affidavit [#83], the Counter-Affidavit [#84] and the Corrected Counter-Affidavit [#86] are **STRICKEN**.

Dated:  July 21, 2015

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge