IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01520-KLM

JULIA CHUNG,

     Plaintiff,

v.

EL PASO SCHOOL DISTRICT #11,

     Defendant.

_____

## ORDER

_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's[1] **Motion to Reconsider Order to Vacate Order Dismissing Plaintiff's Retaliation Claim Without Prejudice and Order Granting Defendant's Corrected Motion for Summary Judgment Including the Retaliation Claim** [#110][2];[3] on Plaintiff's **Motion to Re-Open the Case** [#111];[4] on Plaintiff's **Motion for Reconsideration of Order to Grant Defendant's Motion for**

---

[1] The Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[2] [#110] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic filing system (CM/ECF). This convention is used throughout this Order.

[3] Defendant filed a Response [#112] in opposition to the Motion [#110], and Plaintiff filed a Reply [#122].

[4] Defendant filed a Response [#114] in opposition to the Motion [#111]. Plaintiff did not file a Reply.

**Summary Judgment Including the Discrimination Claim and Retaliation Claim and Final Judgment** [#113];[5] on Plaintiff's **Motion for Reconsideration [of] Order Granting Defendant's Motion to Strike Plaintiff's Untimely Summary Judgment Filings and Order Granting Defendant's Motion to Strike Plaintiff's Notarized Corrected Counter-Affidavit** [#115];[6] on Plaintiff's **Corrected Motion for Reconsideration, With Legal Authorities and Attachments, of [Order] Granting Defendant's Motion for Summary Judgment Including the Discrimination Claim and Retaliation Claim and Final Judgment** [#116];[7] on Plaintiff's **Motion for Review of Taxed Costs and Stay the Taxed Costs Pending Appeal to the Appellate Court** [#132];[8] and on Defendant's **Motion to Review Taxation of Costs** [#133].[9]  The Court has reviewed the Motions, Responses, Replies, the entire case file, and the applicable law, and is sufficiently advised in the premises.[10]  For the reasons set forth below, Plaintiff's Motion to Reconsider Order to Vacate Order Dismissing Plaintiff's Retaliation Claim Without Prejudice and Order Granting Defendant's Corrected Motion for Summary Judgment Including the Retaliation Claim [#110] is **DENIED**; Plaintiff's Motion to Re-Open the Case [#111] is **DENIED**; Plaintiff's

---

[5]  Defendant did not file a Response to the Motion [#113].

[6]  Defendant filed a Response [#121] in opposition to the Motion [#115].  Plaintiff did not file a Reply.

[7]  Defendant filed a Response [#120] in opposition to the Motion [#116], and Plaintiff filed a Reply [#123].

[8]  Defendant filed a Response [#136] in opposition to the Motion [#132].

[9]  Plaintiff filed a Response [#134] in opposition to the Motion [#133], and Defendant filed a Reply [#137].

[10]  The case has been referred to the undersigned for all purposes [#12] pursuant to the Court's Pilot Program and 28 U.S.C. § 636(c), on consent of the parties [#11].

Motion for Reconsideration of Order to Grant Defendant's Motion for Summary Judgment Including the Discrimination Claim and Retaliation Claim and Final Judgment [#113] is **DENIED as moot**; Plaintiff's Motion for Reconsideration [of] Order Granting Defendant's Motion to Strike Plaintiff's Untimely Summary Judgment Filings and Order Granting Defendant's Motion to Strike Plaintiff's Notarized Corrected Counter-Affidavit [#115] is **DENIED**; Plaintiff's Corrected Motion for Reconsideration, With Legal Authorities and Attachments, of [Order] Granting Defendant's Motion for Summary Judgment Including the Discrimination Claim and Retaliation Claim and Final Judgment [#116] is **DENIED**; Plaintiff's Motion for Review of Taxed Costs and Stay the Taxed Costs Pending Appeal to the Appellate Court [#132] is **DENIED in part and DENIED without prejudice in part**; and Defendant's Motion to Review Taxation of Costs [#133] is **GRANTED**.

## I. Analysis

**A.    Motion to Reconsider Order to Vacate Order Dismissing Plaintiff's Retaliation Claim Without Prejudice and Order Granting Defendant's Corrected Motion for Summary Judgment Including the Retaliation Claim** [#110]

In this Motion [#110], Plaintiff moves for reconsideration of the Court's July 21, 2015 Order [#105], which vacated the Court's July 2, 2015 Order [#98] dismissing Plaintiff's Title VII retaliation claim without prejudice.  Plaintiff further moves for reconsideration of the Court's Order [#107] granting Defendant's Corrected Motion for Summary Judgment [#79].

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well-established in the Tenth Circuit that grounds for a motion to reconsider are limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice."

*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* Plaintiff bases her argument solely on the asserted need to correct clear error or prevent manifest injustice. *See Motion* [#110] at 3-4.

On June 29, 2015, the Court issued an Order to Show Cause [#96] regarding whether the Court had subject matter jurisdiction over Plaintiff's Title VII retaliation claims based on Plaintiff's failure to receive a right-to-sue letter on her second EEOC charge. The Court presented Plaintiff with three options: (1) attach to her response a copy of the notice of right to sue from the EEOC on Plaintiff's second charge; (2) voluntarily dismiss her retaliation claims without prejudice, in which case her current lawsuit would proceed on only the discrimination claim, or (3) state that she would prefer to administratively close the case until receipt of her EEOC notice of right to sue on her Second Charge. *Order to Show Cause* [#96] at 4-5. On July 2, 2015, Plaintiff responded by indicating that she would prefer to dismiss her retaliation claim without prejudice. *Response* [#97] at 1 ("Plaintiff, Julia Chung, moves for leave to withdraw, without prejudice, to allow the separate filing of her retaliation claim in a new action, and further moves to withdraw portions of her brief [Doc 82] and exhibits relating to her retaliation claim."). The same day, the Court discharged the Order to Show Cause [#96] based on Plaintiff having chosen the second option. *Order* [#98].

On July 6, 2015, Defendant filed the Motion to Reconsider [#99] to alert the Court that, although the EEOC had not issued a right-to-sue letter at the time of the filing of Defendant's Corrected Motion for Summary Judgment, *see* [#79] at 15 n.7, the EEOC had

subsequently done so.  *See* [#88-4].  Plaintiff had fully responded to Defendant's motion

seeking summary judgment on her retaliation claim before later electing to dismiss her

retaliation claim without prejudice in response to the Order to Show Cause.  Notably,

Plaintiff had neglected to inform the Court in her initial Response [#82] that the EEOC had

issued a notice of right to sue on her Second Charge.  Because of the fact that a notice of

right to sue had been issued on Plaintiff's Second Charge, Defendant sought an order

reconsidering the dismissal of Plaintiff's Title VII retaliation claim.  *Motion to Reconsider*

[#99].

Based on *Servants of Paraclete v. Does*, the Court agreed with Defendant that

Plaintiff's Title VII retaliation claim should be reinstated. 204 F.3d at 1012 (stating in part

that a motion to reconsider is  "appropriate where the court has misapprehended the

facts").  Because the second right-to-sue letter had been issued by the EEOC, it was clear

that the Court had jurisdiction over the claim.  Further, the Court noted that discovery in this

case had included Plaintiff's retaliation claim.  Discovery was closed and the motion for

summary judgment had been fully briefed prior to the issuance of the Order to Show

Cause.  Thus, the Court concluded that reinstating the Title VII retaliation claim would not

result in prejudice to either Plaintiff or Defendant.  *Order* [#98].

In short, Plaintiff appears to misunderstand the sequence of events underlying the

Order to Show Cause.  The choice presented to Plaintiff in the Order to Show Cause was

premised on the Court's incorrect belief that the second EEOC notice of right to sue had

not yet been issued.  Because this underlying belief was incorrect, the only choice open to

Plaintiff was to proceed with her retaliation claims.  In other words, because the second

EEOC right-to-sue notice had been issued, there was neither a need nor a legal basis for

Plaintiff to choose any option other than to proceed with her lawsuit.   Once the misunderstanding was clarified by Defendant, it was appropriate to vacate the Order premised on the Order to Show Cause, and, because neither party had suffered prejudice, there was no need for the Court to refrain from ruling on the merits of Plaintiff's retaliation claims in connection with Defendant's Corrected Motion for Summary Judgment.

In the present Motion [#110], Plaintiff presents a number of arguments in support of her request for reconsideration of the Order [#98] reinstating her retaliation claim.  First, she argues that it was unjust for the Court to issue the Order [#107] vacating the July 2, 2015 Order [#98] dismissing Plaintiff's retaliation claim, and then to issue the Order [#107] granting Defendant's Corrected Motion for Summary Judgment [#79] on the same day. *Motion* [#110] at 2-3.  She also argues that she was unjustly denied due process when the Court ruled on Defendant's Motion to Reconsider the Order Dismissing the Retaliation Claim [#99] before Plaintiff's twenty-one days to respond had elapsed.  *Motion* [#110] at 4-5; *Reply* [#122] at 5.  Both of these contentions are without merit, as the Court may rule on a motion at any time after it is filed.  D.C.COLO.LCivR 7.1(d).

To the extent Plaintiff argues that she did not have adequate time to voluntarily dismiss her retaliation claims *after* the Court reinstated them but *before* the Court entered summary judgment on them, the Court notes that, regardless of the timing of these rulings, she would have been unable to independently dismiss any of her claims at that stage of the litigation without the agreement of either Defendant or the Court.  *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (permitting voluntarily dismissal without a court order by filing a stipulation of dismissal signed by all parties who have appeared), 41(a)(2) (permitting voluntary dismissal by court order on terms that are considered proper by the court).   Plaintiff's

opportunity to dismiss a claim absent the agreement of either Defendant or the Court had already lapsed.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i) (providing that "the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment").

Next, Plaintiff argues that she never asserted retaliation claims in this lawsuit. However, this contention is clearly belied by her filings in this case.  Plaintiff asserted these claims in the Complaint. [#1] at 4-5.  In fact, she asserted retaliation based on two separate incidents: (1) "During the school year of 2013-2014, my 6th grade Reading assignment became available, [and] the principal retaliated against me because of my participation in the EEOC Complaint," and (2) "El Paso School District retaliated against me when I applied for a position as the Multi-Lingual Facilitator in July 2013." *Id.*  The EEOC Charge attached to the Complaint demonstrates that Plaintiff's discrimination claim was asserted independently from her retaliation claims.  *See id.* at 3-5 (incorporating the first EEOC Charge under the first claim for relief and discussing the retaliation issues under the second and third claims for relief).  Plaintiff's assertion that she "made an innocent error in her filing of the Complaint because she had no legal counsel" is belied by the deliberateness with which she asserted retaliation in the Complaint.  Even if she did not address retaliation issues in the Proposed Scheduling Order, interrogatories, and requests for admission (an issue which the Court next addresses), Plaintiff cannot simply choose to ignore claims she has asserted in her Complaint.  Once asserted, claims remain a part of the lawsuit until dismissed or adjudicated.

In connection with this last argument, Plaintiff also argues that she did not litigate her retaliation claims.  *Motion* [#110] at 5; *Reply* [#122] at 2.  Again, as Defendants

thoroughly point out, this contention is without merit. *See Response* [#112] at 3-7. Plaintiff litigated her retaliation claims when she provided her initial disclosures. *See Rule 26(a)(1) Initial Disclosure* [#112-1] at 2-4. She litigated her retaliation claims when she propounded her discovery requests. *See Pl.'s Requests for Production* [#112-3] at 3; *Pl.'s Requests for Admission # 1-18* [#112-4] at 4. She litigated her retaliation claims when she filed her Motion to Compel Delivery to Discovery Requests and Sanction Against School District 11 [#70] (the "Motion to Compel"). *See Motion to Compel* [#70] at 3-4; *Supp. to Motion to Compel* [#73] at 12. She litigated her retaliation claims when she deposed three witnesses, Carole Carlsen, Holly Brilliant, and Sherry Kalbach. *See Depo. of Carole Carlsen* [#101-1]; *Depo. of Holly Brilliant* [#101-2]; *Depo. of Sherry Kalbach* [#112-5]. She litigated her retaliation claims by providing vigorous opposition to Defendant's Corrected Motion for Summary Judgment [#79], including in her Response an entire section on her retaliation claims, without asserting that she was not making such claims in this case. *See Response* [#82] at 29-35, 38-39, 43-44. Plaintiff's argument that she did not litigate her retaliation claims is frivolous.

Next, Plaintiff argues that the Court erred by finding it has subject matter jurisdiction over the retaliation claims when the EEOC issued the right-to-sue notice only after the commencement of this lawsuit. *See, e.g.*, *Motion* [#110] at 5. In support, she cites to *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).[11] However, more on point, the Tenth Circuit Court of Appeals has also held in Title VII cases that "jurisdictional prerequisites may be satisfied after commencement of the action." *Roe v.*

---

[11]   *Shikles* holds that "a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under the [Age Discrimination in Employment Act]" and that courts should dismiss when there is a lack of subject matter jurisdiction rather than enter summary judgment. 426 F.3d at 1317-18.

*Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1228 n.3 (10th Cir. 1997) (citing *Mathews v. Diaz*, 426 U.S. 67, 75 (1976)). Thus, although Plaintiff argues that she could only file a lawsuit based on the claims in the EEOC letter within the ninety-day window *following* the EEOC's issuance of the letter on her Second Charge, Tenth Circuit precedent clearly shows that the Court is not deprived of subject matter jurisdiction when a plaintiff files such claims before the right-to-sue letter is received, so long as the EEOC later issues the letter. *See id.* (finding subject matter jurisdiction when the plaintiff filed her lawsuit, then filed her EEOC charge, and then received her right-to-sue letter). Thus, because the EEOC letter was issued prior to the Court's entry of summary judgment, the Court had subject matter jurisdiction over Plaintiff's retaliation claims.

Finally, on July 13, 2015, Plaintiff filed Civil Action No. 15-cv-01478-KLM, reasserting her Title VII retaliation claims. *See generally Minute Order* [#106] (denying Defendant's Motion to Consolidate Actions [#101] on various grounds). She argues that the filing of this second lawsuit based on the same claims deprives the Court of subject matter jurisdiction over those same claims in this lawsuit, Civil Action No. 15-cv-01520-KLM. *See Motion* [#110] at 3-4. However, Plaintiff cites to no legal authority, and the Court is aware of none, that supports her position. She appears to believe that once she filed a second lawsuit relating to her Title VII retaliation claims, the Court no longer had authority to adjudicate those claims in her first lawsuit. This argument is without basis in the law.[12]

Based on the foregoing, Plaintiff's request for reconsideration of the Court's July 21, 2015 Order [#105] vacating the Court's July 2, 2015 Order [#98] dismissing Plaintiff's Title

---

[12] The Court makes no comment on the merit of the claims asserted by Plaintiff in her second lawsuit, including whether those claims are indeed identical to the ones asserted in the present lawsuit.

VII retaliation claim without prejudice is **denied**.

Plaintiff's argument for reconsideration of the Court's Order [#107] granting Defendant's Corrected Motion for Summary Judgment [#79] hinges on Plaintiff's request for reconsideration of the Court's July 21, 2015 Order [#105] reinstating the retaliation claims. Because the Court denies Plaintiff's request for reconsideration of the July 21, 2015 Order [#105], Plaintiff's request regarding the Order [#107] entering summary judgment in Defendant's favor is likewise **denied**.

Accordingly, Plaintiff's Motion to Reconsider Order to Vacate Order Dismissing Plaintiff's Retaliation Claim Without Prejudice and Order Granting Defendant's Corrected Motion for Summary Judgment Including the Retaliation Claim [#110] is **denied**.

**B.     Motion to Re-Open the Case** [#111]

Plaintiff here seeks to reopen this case pursuant to Fed. R. Civ. P. 60(a) and 60(b)(1). *Motion* [#111] at 1. Fed. R. Civ. P. 60(a) provides:

> Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Here, the alleged error about which Plaintiff complains was not a clerical mistake or a mistake arising from oversight or omission. Rather, she argues that the Court erred regarding its determination of subject matter jurisdiction over Plaintiff's retaliation claim. *See Motion* [#111] at 1-2. Accordingly, Fed. R. Civ. P. 60(a) is inapplicable here.

Fed. R. Civ. P. 60(b)(1) provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from

> a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . .

Based on the Court's discussion above in Motion [#110], there was no mistake in the determination that the Court has subject matter jurisdiction over Plaintiff's retaliation claims. Plaintiff advances no new grounds in this Motion [#111] to necessitate reconsidering that decision. Because the Court finds there has been no error in connection with this issue, there is no basis for relief under Fed. R. Civ. P. 60(b)(1).

Accordingly, Plaintiff's Motion to Re-Open the Case [#111] is **denied**.

**C.    Motion for Reconsideration of Order to Grant Defendant's Motion for Summary Judgment Including the Discrimination Claim and Retaliation Claim and Final Judgment** [#113]

This Motion [#113] was amended by Plaintiff's subsequently filed Corrected Motion for Reconsideration [#116]. Accordingly, Plaintiff's Motion for Reconsideration of Order to Grant Defendant's Motion for Summary Judgment Including the Discrimination Claim and Retaliation Claim and Final Judgment [#113] is **denied as moot**.

**D.    Motion for Reconsideration [of] Order Granting Defendant's Motion to Strike Plaintiff's Untimely Summary Judgment Filings and Order Granting Defendant's Motion to Strike Plaintiff's Notarized Corrected Counter-Affidavit** [#115]

On July 21, 2015, the Court granted Defendants' Motion to Strike Plaintiff's Untimely Summary Judgment Filings and for Order Precluding Further Such Filings [#85] and Defendant's Motion to Strike Plaintiff's Corrected Counter-Affidavit [#90] (collectively, the "Motions to Strike"). Plaintiff seeks reconsideration of this Order [#105]. In the Order [#105], the Court stated in part:

> Plaintiff did not file a motion seeking an extension of time in which to file otherwise untimely documents. The explanations she provides in the Responses [#89, #94] to the Motions to Strike are not convincing. For example, the May 7, 2015 email from the school district shows that Plaintiff

was notified that her leave balance had been exceeded that day, but it does not prove that she was ill on that day. *See Ex. 1* [#89-1]. Her next exhibit demonstrates that she took sick leave on May 4, 2015 but again does not prove that she was ill on that day. *See Ex. 2* [#89-2]. Plaintiff alleges that her basement flooded on May 7, 2015 (two days after she filed her Response to the Motion for Summary Judgment), but while she demonstrates that she rented a piece of equipment (presumably to clean her basement) on May 9, 2015 at 6:38 p.m., this evidence does not verify her allegations that her basement flooded two days earlier. Moreover, Plaintiff simply fails to explain why she did not file a motion seeking more time to file her Affidavit and Counter-Affidavit. This omission is particularly puzzling because Plaintiff timely filed her Response to the Motion for Summary Judgment on May 5, 2015, and included approximately 650 pages of exhibits attached thereto.

In the present Motion [#115], Plaintiff presents new evidence to justify her untimely filings, including the Declaration of Paula L. Freeman [#115-1], an employee of a King Soopers Store located in Colorado Springs, Colorado. Although the Declaration details Plaintiff's attempts to obtain a "Rug Doctor" machine due to the alleged flooding of her basement on May 7, 2015, the Declaration does not establish that Plaintiff's basement was flooded on that date, and, even if it did, the Declaration does not establish that the flooding was so severe as to prevent Plaintiff from timely filing the stricken materials or, at a minimum, filing a motion for an extension of time. Further, the evidence Plaintiff now seeks to submit is not "new evidence previously unavailable." *See Servants of Paraclete*, 204 F.3d at 1012. When a party seeks to submit such evidence, she must demonstrate "that the evidence is newly discovered [or] if the evidence was available at the time of the decision being challenged, that [the party] made a diligent yet unsuccessful effort to discover the evidence." *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (citation omitted). Plaintiff has not shown that this evidence was unavailable when she filed the stricken materials or, at the latest, when she filed her Responses [#89, #94] to the Motions to Strike [#85, #90]. Regardless, Plaintiff has still

failed to present evidence as to why she did not properly seek an extension of time.

Plaintiff also complains that she received copies of the unpublished decisions cited by Defendant[13] five days after the Corrected Motion for Summary Judgment [#79] was filed.[14]  *Motion* [#115] at 3-4.  Plaintiff argues that the deadline for her to file a Response to the Corrected Motion for Summary Judgment should have begun on the date she received the unpublished decisions, thereby making her additional evidentiary materials timely.  *Id.*  Plaintiff provides no legal authority in support of this argument.  The Local Rules state that "[t]he responding party shall have 21 days after the date of service of a motion . . . in which to file a response."  D.C.COLO.LCivR 7.1(a).  Since October 8, 2014, Plaintiff has been a pro se electronic-filer, and therefore service of the Corrected Motion for Summary Judgment was effected on her as of the date of its filing, i.e., April 13, 2015.  If Plaintiff needed additional time to review the unpublished decisions, she could have filed a motion seeking an extension of time, but she chose not to do so.

Accordingly, Plaintiff's Motion for Reconsideration [of] Order Granting Defendant's Motion to Strike Plaintiff's Untimely Summary Judgment Filings and Order Granting Defendant's Motion to Strike Plaintiff's Notarized Corrected Counter-Affidavit [#115] is

---

[13] To the extent Plaintiff argues that "[t]he Federal Rules of Civil Procedure prohibit the use of unpublished court decisions," she is incorrect.  The Tenth Circuit Court of Appeals has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored.  However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

*United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005) (citations omitted).

[14] Defendant contests Plaintiff's characterization of how and when she received copies of these decisions, but the Court need not resolve this dispute.  *See Response* [#121] at 4-6.

**DENIED**.

**E.    Corrected Motion for Reconsideration, With Legal Authorities and Attachments, of [Order] Granting Defendant's Motion for Summary Judgment Including the Discrimination Claim and Retaliation Claim and Final Judgment** [#116]

In this Motion [#116], Plaintiff seeks reconsideration of the Court's Order [#107] granting Defendant's Corrected Motion for Summary Judgment [#79]. Plaintiff asserts that the Court erred in four separate ways in the Order [#107]: (1) the Court used the wrong standard when determining whether Plaintiff established a prima facie case; (2) the Court erred in its analysis by failing to take into account Plaintiff's employment contract with Defendant; (3) the Court erred in its determination that it could rule on the retaliation claims because of an alleged lack of subject matter jurisdiction; and (4) the Court erred in its analysis by failing to take into account "new" information she obtained under the Freedom of Information Act ("FOIA") and the Colorado Open Records Act ("CORA"). *See Reply* [#123] at 1-3. To the extent Plaintiff asserts that the Court lacked subject matter jurisdiction over her Title VII retaliation claims, this contention has already been addressed and rejected above, in connection with the Court's discussion of Motion [#110].

**1.    Whether the Court Used the Proper Standard**

Plaintiff argues that the Court erred in applying the proper standard to her discrimination claim.[15] She asserts that the Court erred in citing *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1201 (10th Cir. 2006), for the proposition that "[t]o establish a [Title VII discrimination] prima facie case, a plaintiff ordinarily must show 'that (1) the plaintiff belongs to some protected class, (2) the plaintiff was qualified for the

_____

[15] Plaintiff explicitly states she is not seeking reconsideration of the retaliation claims based on this argument. *Reply* [#123] at 6.

position or benefit at issue, (3) the plaintiff suffered an adverse employment action, and (4) the plaintiff was treated less favorably than others (e.g., the position at issue remained open after the adverse employment action).'" *Reply* [#123] at 6; *Order* [#107] at 14.  Plaintiff correctly notes that *Argo* was a sex discrimination case. 452 F.3d at 1201; *Reply* [#123] at 6.  However, this is immaterial.  In *Argo*, the Tenth Circuit Court of Appeals quoted this standard directly from *Exum v. United States Olympic Committee*, 389 F.3d 1130, 1134 (10th Cir. 2004), a case in which the plaintiff asserted Title VII race discrimination, as does Plaintiff here.  *See Argo*, 452 F.3d at 1201.  The standards are therefore identical at this stage of the legal analysis.  The Court cited both *Argo* and *Exum* in its analysis of Plaintiff's discrimination claim.  *See Order* [#107] at 14 (citing to both *Argo* and to *Exum*).

Plaintiff also argues that the Court failed to examine her evidence of pretext.  However, under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), the Court was not required to examine Plaintiff's evidence of pretext unless she first met her burden of presenting a prima facie case of discrimination, as noted by the Court in the Order [#107] at 14.  Accordingly, the Court did not err on this point.

Next, the Court notes that Plaintiff asserted a disparate treatment claim in this case (in which she asserted that Defendant deliberately discriminated against her based on her race and national origin) and not a disparate impact claim.  *See, e.g.*, *Motion* [#116] at 8 (discussing the burden of proof in disparate impact cases).  These are not identical claims.  *See, e.g.*, *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009) ("Title VII prohibits both intentional discrimination (known as 'disparate treatment') as well as, in some cases, practices that are not intended to discriminate but in fact have a disproportionately adverse effect on

minorities (known as 'disparate impact').").  Insofar as Plaintiff may be arguing that she intended to assert a disparate impact claim, she does not direct the Court's attention to anywhere in the record where she clearly made this assertion, and the Court has not found mention of a disparate impact claim in its own review of the record.

Further, in support of her argument that the Court used the wrong standard in its review of her discrimination claim, Plaintiff cites to "General Civil Instructions, Discrimination in Employment, 2015." *Motion* [#116] at 7; *Reply* [#123] at 4.  She cites this source for the proposition that she can meet her burden of establishing a prima facie case by demonstrating that: (1) the plaintiff belongs to a minority group, (2) the plaintiff was qualified for the job in question, and (3) the plaintiff received less favorable treatment than nonminority group individuals.  *Motion* [#116] at 7.  In other words, Plaintiff appears to argue that she is not required to demonstrate adverse employment action in a situation which does not involve termination of employment.  *See id.*  Court personnel and librarians in the United States Courts Library for the 10th Circuit in Denver, Colorado (where Plaintiff states she found this source) have spent considerable time unsuccessfully attempting to find the source cited, looking at more than a dozen sources in an attempt to discern the one to which Plaintiff refers.  Plaintiff's citation was inadequate to find and review this source which allegedly supports her argument.  From the little information provided by Plaintiff, it is impossible to tell from what jurisdiction this source belongs.  Regardless, this source, to the extent cited by Plaintiff, does not enunciate the standard under which the Tenth Circuit Court of Appeals mandates review of Plaintiff's discrimination claim, as discussed above.

Plaintiff also argues that she was not required "to show a loss of salary and benefits, demotion, or employment termination" in order to establish she was the subject of an

adverse employment action.  *Reply* [#123] at 4.  This is correct.  As the Court stated in the Order [#107] at 15-17, these are merely examples of adverse employment actions.  Plaintiff asserts that she suffered from a change in work conditions when she was assigned to teach Drama.  *Reply* [3123] at 4-5.  As discussed in the Order, though, Plaintiff failed to direct the Court's attention to evidence constituting more than de minimus harm or de minimus impact on Plaintiff which was directly or indirectly caused by her position as a Drama teacher.   *Order* [#107] at 16-17.   The Court warned Plaintiff that it was her responsibility to provide citations to specific portions of the more-than-650 pages of exhibits she attached to her Response to Defendant's Corrected Motion for Summary Judgment. *See Order* [#107] at 1 n.1 (citing *Cross v. The Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004); *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1199 (10th Cir. 2000); D.C.COLO.LCivR 7.1(e)).  Even now, Plaintiff has still not taken this warning to heart.  In the present Motion [#116], Plaintiff generally cites to evidence by merely stating "Exhibit;" she never provides an exhibit number or a docket entry number; and she only rarely names the exhibit to which she cites, despite the Court's clear prior warning on the first page of its Order on Defendant's Corrected Motion for Summary Judgment.  *Order* [#107] at 1 n.1. Plaintiff also fails to cite to any specific portion of her Response [#82] to show the Court that she properly cited to evidence which the Court allegedly overlooked.

Finally, to the extent Plaintiff argues that the Court should not have accepted Defendant's evidence because it was unworthy of credence, the Court notes that it was Plaintiff's responsibility to direct the Court's attention to evidence that controverted Defendant's statements.  Plaintiff's belief that Defendant lied, without more, is insufficient to meet her burden in responding to Defendant's Motion for Summary Judgment.  *See*

*Order* [#107] at 12 ("Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence.") (citing *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004)).

### 2.    Whether "New Information" Changes the Court's Analysis

To the extent Plaintiff argues that there is "new evidence previously unavailable," she has failed to direct the Court's attention to any evidence that she had not previously presented to the Court or that was unavailable to her at the time she filed her Response [#82] to the Corrected Motion for Summary Judgment [#79].  In fact, Defendants helpfully examined each exhibit Plaintiff attached to the present Motion [#116] and noted that each corresponded in whole or in part to an exhibit already submitted by Plaintiff with her Response [#82].[16]  "Where a party seeks Rule 59(e) relief to submit additional evidence, the movant must show either that the evidence is newly discovered or if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (internal quotation marks omitted).  The Court has reviewed these documents as well and concurs with Defendant that none constitutes new evidence.  There appears to be nothing provided now that was not or could not have

---

[16] As Defendants state:

Plaintiff cites nine exhibits in her motion.  All were filed in whole or in part with her summary judgment response [#82] or produced in discovery.  Specifically, Exhibit #116-1 was filed in part as #82-46; Exhibit #116-2 was filed as #82-63; Exhibit #116-3 was #82-54; Exhibit #116-4 was #82-78; Exhibit #116-5 pages 1-2 were filed as #82-49, page 3 was a deposition exhibit, and the content of pages 4-11 was filed as Exhibit #82-39; Exhibit [#]116-6 was produced in discovery (as shown by the Bates number); Exhibit #116-7 was #82-55; Exhibit #116-8 was #82-61; and Exhibit #116-9 was #82-65.

*Response* [#120] at 3 n.1.  Plaintiff does not contest this information in her Reply [#123].

been provided with Plaintiff's Response [#82].

Plaintiff may instead be attempting to argue that the information was new because she obtained it after the instigation of this lawsuit, and that the Court failed to appropriately address the information, which thereby allegedly constitutes "manifest injustice." *See, e.g.*, *Motion* [#116] at 5. Yet, Plaintiff again fails to directs the Court's attention to the specific evidence supporting her assertions, except that, at the end of a multiple-page discussion, she cites to "Exhibits 1-9" without further description. *Id.* at 5. The Court did previously reference by docket number two of the exhibits Plaintiff herein mentions. *Order* [#107] at 30-31 n.24 (citing in part [#82-61, #82-65], which correspond to two of the exhibits attached to Plaintiff's present Motion [#116-8, #116-9]). As part of its discussion of these and other exhibits, the Court also noted Plaintiff's repeated failure to properly alert the Court to specific evidence in the voluminous record she submitted, and the efforts the Court took to find evidence referenced but not properly cited by Plaintiff in her Response to Defendant's Motion for Summary Judgment:

> Plaintiff attempts to direct the Court's attention to an otherwise-unidentified exhibit titled "Similarly Situated Assignment [R]equests Chung-Strong" in support of her argument that she was better qualified than Ms. Strong for the 6th Grade Reading assignment and thus that Defendant retaliated against her by failing to displace Ms. Strong so Plaintiff could have that assignment instead. *Response* [#82] at 33. The Court has been unable to find a document with this title among the more than 650 pages of unorganized exhibits submitted by Plaintiff in support of her Response. To the extent Plaintiff may be referring to the documents at Docket No. 82-33, these do not support her argument. To the extent Plaintiff may be referring to the documents at Docket Nos. 82-61 and 82-65, these do not refer to SY 2014-15. To the extent Plaintiff may be referring to the documents at Docket Nos. 82-59 and 82-60, these appropriately refer to SY 2014-15, but they only reference Plaintiff's self-reported qualifications and preferences, as well as those of another teacher named Laura Deck ("Deck"). Ms. Strong is not mentioned in the documents at Docket Nos. 82-59 and 82-60. To the extent Plaintiff may be referring to some other document not herein mentioned by the Court, the Court reminds Plaintiff that it is her responsibility to direct the

Court's attention to evidence in support of her case.  *See* Fed. R. Civ. P. 56(c); *Nielson*, 17 F.3d at 1277 (stating that pro se litigants must follow the same procedural rules that govern other litigants).  Finally, the Court notes that to the extent Plaintiff may be also be arguing that she should have been assigned to teach reading instead of Ms. Deck, a SY 2013-14 7th Grade Reading teacher who was assigned to teach 6th Grade Reading for SY 2014-15, Plaintiff has equally failed to present any evidence that the submission of her First Charge to the EEOC a year prior had any impact on this decision.

*Order* [#107] at 30-31 n.24.  As the Tenth Circuit Court of Appeals has stated, "a motion for reconsideration . . . [is an] inappropriate vehicle[ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.  Absent extraordinary circumstances, not present here, the basis for the second motion must not have been available at the time the first motion was filed." *Servants of Paraclete*, 204 F.3d at 1012.  Plaintiff's present Motion [#116] seeking reconsideration of the Court's Order on the Motion for Summary Judgment is simply reargument and is therefore inappropriate under controlling Tenth Circuit authority.

### 3.    Whether the Court Failed to Address the Employment Contract

Plaintiff argues that Defendant breached the employment contract between them. *Motion* [#116] at 10-11; *Reply* [#123] at 8-11.  The Court first notes that Plaintiff has not asserted a breach of contract claim at any point in this litigation.  *See Compl.* [#1].  In the Order on the summary judgment motion, the Court addressed Plaintiff's concerns regarding a brief administrative leave based on allegations of inappropriate physical contact with a student, extra hall duty during school year 2012-2013, and extra lunch duty at an unspecified time.  *See Order* [#107] at 20 n.20.  The Declaration of Tim Cross [#82-1], which the Court cited in this discussion, neither asserts that there was a breach of contract

nor contains information demonstrating that Defendant breached Plaintiff's employment contract. To the extent Plaintiff asserts that these alleged breaches of contract support her discrimination claim, the Court notes that, even if these events constitute a breach or multiple breaches of her employment contract, Plaintiff has failed to present evidence that she was the subject of discriminatory treatment by Defendant in connection with these events. Plaintiff's discrimination claim required proof of discriminatory treatment, not alleged violations of contractual terms.

Plaintiff also argues that an alleged breach of her employment contract can show pretext. "Pretext can be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997) (internal quotation marks omitted). As explained above, evidence of pretext only comes into the analysis after Plaintiff has established a prima facie case and Defendant has offered a legitimate nondiscriminatory reason for its employment decision. *See id.* However, Plaintiff fails to explain how the alleged issues with her employment contract demonstrate that any reason offered by Defendant for its actions was pretextual. *See id.*

Plaintiff also argues that the Court should have considered the school's evaluation criteria for principals when discussing any evidence offered by Principal Sherry Kalbach. *Motion* [#116] at 11 ("Plaintiff attached the evaluation criteria in the Response to Summary Judgment but the Court did not consider these bench marks in consideration of the unworthiness of the Principal's credence."). However, neither Defendant nor the Court has

found citation to this exhibit in Plaintiff's Response to Defendant's Motion for Summary Judgment, and Plaintiff still does not direct the Court's attention to the exhibit as attached to her Response to that motion.   Regardless, the Court has found and examined the evaluation criteria as attached to the present Motion, *see* [#116-22], and there is nothing in the evaluation that demonstrates pretext by Defendant, untruthfulness by Principal Kalbach, or other relevance to any of Plaintiff's claims.

In short, Plaintiff has failed to demonstrate the existence of "new evidence previously unavailable," "manifest injustice," or the need to correct "clear error."   *Servants of Paraclete*, 204 F.3d at 1012.  Accordingly, Plaintiff's Corrected Motion for Reconsideration, With Legal Authorities and Attachments, of [Order] Granting Defendant's Motion for Summary Judgment Including the Discrimination Claim and Retaliation Claim and Final Judgment [#116] is **denied**.

## F.     Motions for Review of Taxation of Costs [#132, #133]

Both Plaintiff and Defendant have filed motions seeking review of different aspects of the Clerk's award of costs in the amount of $6,059.72 against Plaintiff.  *See Bill of Costs* [#130].

### 1.     Plaintiff's Motion

Plaintiff first challenges the Clerk's award of $597.50 to Defendant for e-discovery costs.  *Motion* [#132] at 1-2.  Pursuant to 28 U.S.C. § 1920(4), "the costs of making copies of any materials," including making digital copies, are taxable costs.  *See Nero v. Am. Family Mut. Ins. Co.*, No. 11-cv-02717-PAB-MJW, 2013 WL 5323262, at *2 (D. Colo. Sept. 23, 2013).  These e-discovery costs "are generally limited to the cost of initially uploading data and converting native files to other formats . . . ."  *Id.*  The costs here awarded to

Defendant were for "loading documents into an electronic data base for production to Plaintiff on computer disks during discovery." *Response* [#136] at 1. The Court finds that the Clerk did not err in his award of $597.50 to Defendant for e-discovery costs.

Plaintiff next challenges the Clerk's award of costs for videotaping the deposition of Plaintiff and for the stenographic transcript of that deposition. *Motion* [#132] at 2-3. Pursuant to 28 U.S.C. § 1920(2), "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" are taxable costs. *See Foster v. Mountain Coal Co., LLC*, No. 12-cv-03341-LTB-MJW, 2015 WL 4484364, at *1 (D. Colo. July 23, 2015). "Costs associated with obtaining deposition transcripts may be taxed if they appeared reasonably necessary to the litigation of the case at the time they were incurred." *Id.* (internal quotation marks omitted) (citing *In re Williams Sec. Litig.–WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009)). "Costs need not be strictly essential to be taxed.") *Id.* (internal quotation marks omitted). "[C]osts associated with videotaping a deposition are taxable and . . . in most cases, a stenographic transcript of a videotaped deposition will be necessarily obtained for use in the case." *Foster*, 2015 WL 4484364 at *1 (internal quotation marks omitted) (quoting *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471 (10th Cir. 1997)). It is "the better practice . . . to allow the costs of both videotaped and stenographic depositions, absent some good reason not to do so." *Foster*, 2015 WL 4484364 at *1 (citation omitted).

Without citation to applicable Tenth Circuit case law, the only reasons provided by Plaintiff to diverge from this rule are that Defendant used only a small portion of her deposition testimony as evidentiary support for its Motion for Summary Judgment, and that Plaintiff would be present at trial, thereby obviating the need for use of her deposition

testimony.  *Motion* [#132] at 2-3.  There is no case law of which the Court is aware that bases taxation of costs on the volume of deposition testimony actually utilized by a party in dispositive motions or at trial.  *See Miller v. Kastelic*, No. 12-cv-02677-CMA-MEH, 2015 WL 506953, at *1-2 (D. Colo. Feb. 5, 2015) (discussing reasonableness of obtaining the plaintiff's deposition transcript for use in dispositive motions practice).  Defendant indisputably used Plaintiff's deposition testimony as support for its Motion for Summary Judgment.  *See Karsian v. Inter-Regional Fin. Grp., Inc.*, 13 F. Supp. 2d 1085 (D. Colo. 1998) (stating that "costs for depositions cited in summary judgment briefs are taxable").  Further, at trial, it is reasonable for "the Court [and the jury] to see and hear Plaintiff's [deposition] testimony" to the extent impeachment and a determination of credibility may be necessary.  *See Foster*, 2015 WL 4484364, at *1; *Motion* [#132] at 2.  The Court finds that the Clerk did not err in awarding Defendant costs for videotaping the deposition of Plaintiff and for the stenographic transcript of that deposition.

Finally, without citation to legal authority, Plaintiff asks that she be allowed to defer payment of the taxed costs until after her appeal of this case has been decided by the Tenth Circuit.  *Motion* [#132] at 3.  In *Miller v. Kastelic*, 2015 WL 506953, at *2, the plaintiff requested that "any award of costs be stayed pending appeal as he is indigent . . . ."  The District Judge denied the request without prejudice because the plaintiff had not filed a supersedeas bond pursuant to Fed. R. Civ. P. 62(d).  *Id.*  In relevant part, that rule provides: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . .  The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal.  The stay takes effect when the court approves the bond."  Similarly, here, there is no indication that Plaintiff has filed a supersedeas bond pursuant

to Fed. R. Civ. P. 62(d), and therefore this request must be denied without prejudice.  *See Miller*, 2015 WL 506953, at *2.

Accordingly, Plaintiff's Motion for Review of Taxed Costs and Stay the Taxed Costs Pending Appeal to the Appellate Court [#132] is **denied in part and denied without prejudice in part**.

### 2. Defendant's Motion

Defendant challenges the Clerk's decision not to tax Plaintiff for $1,810.26 in costs associated with the depositions of four witnesses: Elisa Leake, Janet Melton, Carole Carlsen, and Ronda Schimpf.  *Motion* [#133] at 2.

A Final Pretrial Conference was scheduled to be held in this matter on July 23, 2015. *Minute Order* [#91].  One week before, on July 16, 2015, Plaintiff timely filed the Proposed Final Pretrial Order [#100].  On July 21, 2015, the Court granted Defendant's Corrected Motion for Summary Judgment [#79], thereby obviating the need for the Court to sign a Final Pretrial Order.  *Order* [#107].  The Clerk denied Defendant's request for the costs associated with the depositions of Elisa Leake, Janet Melton, Carole Carlsen, and Ronda Schimpf because they were not named in a <u>signed</u> Final Pretrial Order.  *See Motion* [#133] at 3.

Pursuant to *Karsian v. Inter-Regional Financial Group, Inc.*, 13 F. Supp. 2d at 1088, "costs of the stenographic transcripts of individuals who did not testify at trial but whose names appeared on the pretrial order as well as one of the parties' final witness list are taxable."  It is undisputed that these four witnesses were listed by both parties in the Proposed Final Pretrial Order.  *See* [#100] at 25-30.  However, the Clerk was technically correct that these four witnesses did not appear in the Final Pretrial Order.  It is axiomatic

that an order requires the signature of the judge, and until a proposed final pretrial order is reviewed and signed by a judge, there is no final pretrial "order." Thus, in this case, no Final Pretrial Order was ever entered. The Clerk therefore complied with *Karsian* because no final pretrial order was entered.

However, "[t]he final award of costs rests within the discretion of the court," *Karsian*, 13 F. Supp. 2d at 1087 (citing *Tilton*, 115 F.3d at 1476), and "[t]here is a presumption in favor of awarding costs to the prevailing party." *Karsian*, 13 F. Supp. 2d at 1087 (citing *Furr v. AT & T Techs., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987)). Defendants argue that "even if the judge's signature were normally required, that requirement should not apply in this case, where the Final Pretrial Order went unsigned solely because the Court granted summary judgment five days later. Defendant should not be punished for being successful on its motion for summary judgment." *Motion* [#133] at 4. The Court agrees that the timing of the procedural events in this lawsuit, where a timely Proposed Final Pretrial Order was submitted but the case was closed before it could be entered, are unusual. The Court has found no other legal authority addressing this unique sequence of events as pertains to the taxation of costs. In these narrow circumstances, given that (1) these four witnesses were listed by both parties in a timely filed Proposed Final Pretrial Order submitted approximately three weeks before trial; (2) the only reason that a version of the Proposed Final Pretrial Order was not entered as an order of the Court was because of the timing of the Court's ruling on a dispositive motion; and (3) there is a presumption in favor of awarding costs to the prevailing party, the Court finds that Defendant should be awarded the $1,810.26 in

costs for the depositions of these four witnesses.[17]

Finally, Plaintiff argues that these four witnesses were only listed as "may call" and that their transcripts could be used only for impeachment purposes. She asserts that these costs are therefore not taxable to her. However, Plaintiff cites no legal authority in support of these arguments, and the Court has found none.

Accordingly, Defendant's Motion to Review Taxation of Costs [#133] is **granted** and Defendant is awarded an additional $1,810.26 in costs.

## II.  Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that Plaintiff's Motion to Reconsider Order to Vacate Order Dismissing Plaintiff's Retaliation Claim Without Prejudice and Order Granting Defendant's Corrected Motion for Summary Judgment Including the Retaliation Claim [#110] is **DENIED**.

IT IS FURTHER **ORDERED** that Plaintiff's Motion to Re-Open the Case [#111] is **DENIED**.

IT IS FURTHER **ORDERED** that Plaintiff's Motion for Reconsideration of Order to Grant Defendant's Motion for Summary Judgment Including the Discrimination Claim and Retaliation Claim and Final Judgment [#113] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that Plaintiff's Motion for Reconsideration [of] Order Granting Defendant's Motion to Strike Plaintiff's Untimely Summary Judgment Filings and Order Granting Defendant's Motion to Strike Plaintiff's Notarized Corrected Counter-

---

[17] Defendant notes that this requested amount purposefully excludes the costs of any rough drafts of the transcripts of these witnesses. *Motion* [#133] at 3 n.4.

Affidavit [#115] is **DENIED**.

IT IS FURTHER **ORDERED** that Plaintiff's Corrected Motion for Reconsideration, With Legal Authorities and Attachments, of [Order] Granting Defendant's Motion for Summary Judgment Including the Discrimination Claim and Retaliation Claim and Final Judgment [#116] is **DENIED**.

IT IS FURTHER **ORDERED** that Plaintiff's Motion for Review of Taxed Costs and Stay the Taxed Costs Pending Appeal to the Appellate Court [#132] is **DENIED in part and DENIED without prejudice in part**.

IT IS FURTHER **ORDERED** that Defendant's Motion to Review Taxation of Costs [#133] is **GRANTED**.  Defendant is awarded an additional $1,810.26 in costs.  The Clerk of Court shall prepare an amended judgment consistent with the Court's ruling.  *See Karsian*, 13 F. Supp. 2d at 1094.

Dated:  November 17, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge